UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 6:20-bk-3355 |
| | Chapter 11 |
| First Choice Healthcare Solutions, Inc. | |
| | [Joint Administration Pending] |
| Debtor. | |
| _____/ | |
| In re: | Case No.: 6:20-bk-3356 |
| | Chapter 11 |
| First Choice Medical Group of Brevard, LLC | |
| Debtor. | |
| _____/ | |
| In re: | Case No.: 6:20-bk-3357 |
| | Chapter 11 |
| FCID Medical, Inc. | |
| Debtor. | |
| _____/ | |
| In re: | Case No.: 6:20-bk-3359 |
| | Chapter 11 |
| Marina Towers, LLC, | |
| Debtor. | |
| _____/ | |

**DEBTORS' EMERGENCY MOTION
FOR ORDER AUTHORIZING JOINT ADMINISTRATION
PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015**

The debtors and debtors-in-possession in the above-captioned cases (each a "Debtor," and collectively, the "Debtors"), by and through their undersigned counsel, hereby move this Court pursuant to Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015 of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules"), authorizing the Debtors to jointly administer their chapter 11 cases.

## JURISDICTION

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are section 105(a) of the Bankruptcy Code, along with Bankruptcy Rule 1015 and Rule 1015 of the Local Rules.

## BACKGROUND

2. On June 15, 2020 (the "Petition Date") each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases").

3. The Debtors continue to operate their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed in these cases.

4. Debtors are affiliates of one another as provided by 11 U.S.C. § 101(2) which share a common, ownership, management and operational structure. The Debtors' corporate structure is demonstrated below:



5. The business of the Debtors has historically been the largest physical therapy providers in Brevard County, Florida and provides orthopedic medicine specializing in orthopedics, spine surgery, neurology interventional pain management and related diagnostics.[1] The Debtors' main office is located at 709 South Harbor City Blvd. Suite 530, Melbourne Florida 32901.

6. Additional details regarding the Debtors' business, assets, corporate structure, and the circumstances leading to the filing of this Chapter 11 Case are set forth in the Case Management Summary filed contemporaneously herewith and incorporated herein by reference as though set forth in full.

**RELIEF REQUESTED**

7. By this Motion, the Debtors seek the entry of an order, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015 and Local Rule 1015, directing the joint administration of the Chapter 11 Cases for procedural purposes only.

8. Many of the motions, applications, hearings and orders that will arise in these chapter 11 cases will jointly affect each Debtor. For this reason, the Debtors respectfully submit that the interests of the Debtors, their creditors and other parties in interest would be best served by the joint administration of these Chapter 11 Cases. In order to optimally and economically administer the Chapter 11 Cases, such cases should be jointly administered, for procedural purposes only, under the case number assigned to First Choice Healthcare Solutions, Inc.

9. The Debtors also request that the Clerk of the Court maintain one file and one docket for the Chapter 11 Cases, which file and docket shall be the file and docket for First Choice Healthcare Solutions, Inc.

---

[1] Including but not limited to treatment relating to arthritis, arthroscopic knee surgery, carpal tunnel, fractures, herniated discs, hip replacement, joint injections, joint pain, knee replacement, knee surgery, rotator cuff repair, shoulder pain, sports injury and sports medicine.

10. The Debtors further request that the caption of the Chapter 11 Cases be modified as follows to reflect their joint administration:

<div style="text-align:center">

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
**www.flmb.uscourts.gov**

</div>

| | |
|---|---|
| In re: | Case No.: 6:20-bk-3355 |
| | Chapter 11 |
| First Choice Healthcare Solutions, Inc. | |
| | (Jointly Administered) |
| Debtor. | |
| _____/ | |

11. In addition, the Debtors seek the Court's direction that a separate docket entry be made on the docket of each of the other Debtors' chapter 11 cases, substantially as follows:

> An order has been entered in this case directing the joint administration for procedural purposes only of the chapter 11 cases of First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc. and Marina Towers, LLC and all subsequently filed chapter 11 cases of such debtors' affiliates. The docket in the chapter 11 case of First Choice Healthcare Solutions, Inc., Case No. 20-bk-3355 (____) should be consulted for all matters affecting this case.

## **BASIS FOR RELIEF REQUESTED**

12. Pursuant to Bankruptcy Rule 1015(b), if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the Court may order a joint administration of the estates." FED. R. BANKR. P. 1015(b). In this case, all of the Debtors are "affiliates" of First Choice Healthcare Solutions, Inc. as that term is defined in section 101(2) of the Bankruptcy Code, and accordingly, this Court has the authority to grant the relief requested herein.

13. Additionally, the joint administration of the Debtors' respective estates will ease the administrative burden on the Court and all parties in interest in these chapter 11 cases.

14. The joint administration of these chapter 11 cases will also permit the Clerk of the Court to utilize a single docket for all the Chapter 11 Cases and to combine notices to creditors and other parties in interest in the Debtors' respective cases. In addition, there will likely be numerous motions, applications, and other pleadings filed in these Chapter 11 Cases that will affect most or all of the Debtors. Joint administration will permit counsel for all parties in interest to include the Chapter 11 Cases in a single caption for the numerous documents that are likely to be filed and served in these cases. Joint administration will also enable parties in interest in each of the Chapter 11 Cases to stay apprised of all the various matters before the Court.

15. Joint administration of these Chapter 11 Cases will not prejudice or adversely affect the rights of the Debtors' creditors because the relief sought herein is purely procedural and is not intended to affect substantive rights. Because these Chapter 11 Cases involve four (4) Debtors, joint administration will significantly reduce the volume of paper that otherwise would be filed with the Clerk of this Court, render the completion of various administrative tasks less costly and minimize the number of unnecessary delays. Moreover, the relief requested by this Motion will also simplify supervision of the administrative aspects of these Chapter 11 Cases by the Office of the United States Trustee.

16. For these reasons, the Debtors submit that the relief requested herein is in the best interests of the Debtors, their estates and creditors, and therefore should be granted.

## EMERGENCY CONSIDERATION

17. The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any

delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

18. Notice of this Motion has been provided to the Office of the United States Trustee and the Debtors' twenty (20) largest unsecured creditors. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## CONCLUSION

` WHEREFORE, the Debtors respectfully request that this Court enter an order substantially in the form attached hereto as Exhibit A granting the requested relief and such other and further relief as it deems just and proper.

Dated: June 15, 2020

*/s/ Esther McKean*
Esther McKean, Esquire
Florida Bar No. 028124
**AKERMAN LLP**
420 S. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: esther.mckean@akerman.com

Attorneys for Debtors

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 15th day of June, 2020, this document was filed and served through the Court's CM/ECF system and I caused the foregoing document to be served by first class mail, postage prepaid, on the following persons: Debtors c/o Phil Keller, 709 S. Harbor City Blvd., Suite 530, Melbourne, FL 32901, United States Trustee's Office, 400 W. Washington St., Ste. 1120, Orlando, FL 32801, CT Corp., c/o Ellsworth Summers, Esq., Burr & Forman LLP, 50 North Laura Street, Suite 3000, Jacksonville, FL 32202, and each Debtor's twenty largest unsecured creditors as shown on the attached matrix.

                                                                                s/ *Esther McKean*
                                                                                Esther A. McKean, Esquire

**<u>EXHIBIT A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re:<br>First Choice Healthcare Solutions, Inc.<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3355<br>Chapter 11 |
| In re:<br>First Choice Medical Group of Brevard, LLC<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3356<br>Chapter 11 |
| In re:<br>FCID Medical, Inc.<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3357<br>Chapter 11 |
| In re:<br>Marina Towers, LLC,<br>    Debtor.<br>_____/ | Case No.: 6:20-bk-3359<br>Chapter 11 |

**ORDER AUTHORIZING JOINT ADMINISTRATION
PURSUANT TO BANKRUPTCY RULE 1015 AND LOCAL RULE 1015**

THIS CASE came on for hearing on June ____, 2020 on the *Debtors' Motion for Order Authorizing Joint Administration Pursuant to Bankruptcy Rule 1015 and Local Rule 1015* (Doc. No. ____) in the above styled and numbered chapter 11 cases seeking joint administration of such cases ("Motions").

The Court finds that notice was proper and that no party in interest made any response in opposition to the Motions or, if so, the relief requested in any such response was denied for the reasons stated on the record, and further finds that the relief requested in the Motions should be granted.

Accordingly, it is hereby

ORDERED:

1. The Motion is GRANTED.

2. The chapter 11 cases of First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC shall be jointly administered in accordance with the terms of this Order.

3. Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of the Debtors; *it is the Court's intention to jointly administer the bankruptcy cases of the Debtors for procedural purposes only.*

4. First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC are to be jointly administered under Case No. 20-bk-3355(___).

5. Judge _____ shall preside over these jointly administered cases.

6. The joint caption of the First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC cases shall read as shown in attached Exhibit A.

7. All original pleadings shall be captioned as set out above and all original docket entries shall be made in the case of First Choice Healthcare Solutions, Inc., Case No. 6:20-bk-3355 (___).

8. All proofs of claim shall be filed under the case number representing the Debtor's estate against which the claim is made.

9. Each of the Debtors shall (a) file separate monthly operating reports; (b) maintain separate financial accounts and records; (c) not be liable for the claims against any of the Debtors

by virtue of this Order; and (d) file separate Bankruptcy Schedules and Statements of Financial Affairs.

10. A docket entry shall be made in each of the Debtors' cases substantially as follows: *An order has been entered in this case directing the joint administrative of the chapter 11 cases of First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC.; the docket in the chapter 11 case of First Choice Healthcare Solutions, Inc., Case No. 6:20-bk-3355 (___) should be consulted for all matters affecting this case.*

11. Debtors shall file a master service list in First Choice Health Care Solutions, Inc. Case No. 6:20-bk-3355(___) which includes all creditors, persons filing Notices of Appearances, and all parties-in-interest in all the debtor's jointly administered cases for future noticing requirements.

12. This order shall be served by the Debtors on interested parties and all parties included on the master service list.

[Attorney Esther McKean, Esq. is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.]

3

**EXHIBIT A**
**JOINTLY ADMINISTERED CASES CAPTION**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 6:20-bk-3355 (___) |
| | Chapter 11 |
| First Choice Healthcare Solutions, Inc. *et, al.* | |
| | [Jointly Administered] |
| Debtors. | |
| _____/ | |