UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 6:20-bk-3355-LVV |
| | Chapter 11 |
| First Choice Healthcare Solutions, Inc. | |
| | [Joint Administration Pending] |
| Debtor. | |
| _____/ | |
| In re: | Case No.: 6:20-bk-3356-LVV |
| | Chapter 11 |
| First Choice Medical Group of Brevard, LLC | |
| Debtor. | |
| _____/ | |
| In re: | Case No.: 6:20-bk-3357-LVV |
| | Chapter 11 |
| FCID Medical, Inc. | |
| Debtor. | |
| _____/ | |
| In re: | Case No.: 6:20-bk-3359-LVV |
| | Chapter 11 |
| Marina Towers, LLC, | |
| Debtor. | |
| _____/ | |

**DEBTORS' EXPEDITED MOTION FOR ENTRY OF ORDER
AUTHORIZING DEBTORS TO PAY OFFICER AND INSIDER
PRE- AND POST-PETITION COMPENSATION AND BENEFITS**

The debtors and debtors-in-possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases") (each a "Debtor" and collectively, the "Debtors"), by and through their undersigned counsel, hereby file this motion (the "Motion") seeking entry of an order pursuant to 11 U.S.C. §§ 105(a), 363(b), 507(a) and Local Rule 2081, for authority to pay pre- and post-petition salaries, benefits and related employment taxes of the Debtors' officer, Phillip J. Keller,

1

and a facilities manager that may be considered insiders under the Bankruptcy Code. In support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Middle District of Florida (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in the Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105, 363, and 507 of the Bankruptcy Code and Local Rule 2081-1.

## BACKGROUND

4. The Debtors have historically been one of the largest physical therapy providers in Brevard County, Florida and provide orthopedic medicine specializing in orthopedics, spine surgery, neurology interventional pain management and related diagnostics.[1] The Debtors' main office is located at 709 South Harbor City Blvd. Suite 530, Melbourne Florida 32901. The Debtors have satellite locations throughout Brevard County for providing care to patients.

5. The Debtors are currently providing medical care and physical therapy to patients, as well as handling the administrative side of a medical practice such as processing the necessary insurance, Medicare and VA billing, etc.

6. Additional details regarding the Debtors' business, assets, and the circumstances leading to the filing of the Chapter 11 Cases are set forth in the Case Management Summary (Doc. No. 2).

---

[1] Including but not limited to treatment relating to arthritis, arthroscopic knee surgery, carpal tunnel, fractures, herniated discs, hip replacement, joint injections, joint pain, knee replacement, knee surgery, rotator cuff repair, shoulder pain, sports injury and sports medicine.

2

7.     The Debtors filed voluntary petitions seeking relief under chapter 11 of the Bankruptcy Code on June 15, 2020 (the "Petition Date").

### OFFICER'S AND INSIDER'S COMPENSATION AND BENEFITS

**A.     Christian C. Romandetti, Jr.**

8.     Christian C. Romandetti, Jr. ("Romandetti, Jr.") is employed by FCID Medical, Inc. as a facilities manager for the premises occupied by the Debtors. He works on average 40 hours a week and oversees the regular day-to-day maintenance and property repairs, including ensuring the elevators are operational. He oversees the janitorial staff and ensures the premises are clean and compliant with building codes.

9.     Romandetti, Jr. is paid bi-weekly $1,439.20, including benefits, with an approximate annual salary of $37,500 a year. He receives benefits similar to all of the Debtors' employees for health, vision, dental, etc.[2] *See* Doc. No. 9. A typical breakdown of his bi-weekly pay is as follows:

| Code | Earning | Hours | Rate | Amount |
|---|---|---|---|---|
| REG | Reg | 80.0000 | 17.99 | 1,439.20 |
| ERDNT | ERDNT | | | 6.72 |
| ERLIF | ERLIF | | | 1.31 |
| ERMED | ER Medical | | | 178.03 |
| ERVIS | ER Vision | | | 2.08 |
| Totals | | 80.0000 | | 1,439.20 |

---

[2] The Debtors' employees receive health insurance through Florida Blue and dental and vision insurance through Guardian ("Health Insurance Program"). Both the Debtors and the employees contribute to the premium payment requirements for these plans, however, Debtors pay approximately $15,900 a month for their portions of the medical, dental and vision premiums.

53537919;3

| Code | Tax | Status | Taxable | Amount |
|---|---|---|---|---|
| FITW | Federal Income | S-4 | 1,379.78 | 61.05 |
| MED | Medicare | | 1,379.78 | 20.01 |
| SS | OASDI | | 1,379.78 | 85.54 |
| FL | Florida SITW | | 1,379.78 | |
| Totals | | | | 166.60 |

| Code | Deduction | Amount |
|---|---|---|
| DNTL | Dental | 10.39 |
| LIFE | Life | 0.40 |
| LTD | LTD | 4.52 |
| MDCL | Medical | 44.51 |
| Totals | | 59.82 |

10. In the 12 months prior to the Petition Date Romandetti Jr. was paid $38,000.

11. Romandetti, Jr. may be considered an insider pursuant to 11 USC § 101(31) since he is related to Christian Romandetti who owns an interest in First Choice Healthcare Solutions, Inc. Romandetti Jr. is the son of Christian Romandetti. Christina Romandetti along with GIRTFT, LLC own 19.7% interest in First Choice Healthcare Solutions, Inc.

12. Romandetti, Jr. is not currently nor was he ever an officer of the Debtors and he does not hold an ownership interest in the Debtors.

**B.     Phillip J. Keller**

13. Phillip J. Keller ("Keller") is the Interim Chief Executive and Chief Financial Officer and is a certified public accountant and chartered global management accountant.

14. Prior to being employed by the Debtors in July of 2017, he was employed by medical related companies including RehabCare, Inc.[3], PharMerica, Inc.[4] and BioScrip.[5] As a

---

[3] A $1.5 billion provider of physical, occupational and speech-language rehabilitation services to hospitals, skilled nursing facilities and home care setting in 47 states.
[4] A $1.8 billion institutional pharmacy servicing skilled nursing and assisted living facilities, hospitals and other long-term alternative care facilities.

result of his employment experience with the Debtors and previous medical-related companies, Mr. Keller is knowledgeable and competent in complying with state and federal regulations relating to patient care and records.

15.  Keller is paid $9,615.38 bi-weekly, including benefits, with an approximate annual salary of $250,000. He receives benefits similar to all of the Debtors' employees for health, vision, dental, etc. *See* Doc. No. 9. Keller also routinely seeks reimbursement for expenses incurred relating to the Debtors' business.

16.  A typical breakdown of his bi-weekly pay is as follows:

| Code   | Earning        | Hours   | Rate    | Amount   |
|--------|----------------|---------|---------|----------|
| REG    | Reg            | 80.0000 | 120.19  | 9,615.38 |
| ERDNT  | ERDNT          |         |         | 52.45    |
| ERLIF  | ERLIF          |         |         | 1.31     |
| ERMED  | ER Medical     |         |         | 694.32   |
| ERVIS  | ER Vision      |         |         | 5.46     |
| Totals |                | 80.0000 |         | 9,615.38 |

| Code | Tax            | Status | Taxable  | Amount   |
|------|----------------|--------|----------|----------|
| FITW | Federal Income | M-8    | 9,615.38 | 1,424.88 |
| MED  | Medicare       |        | 9,615.38 | 139.42   |
| SS   | OASDI          |        | 9,615.38 | 596.15   |
| FL   | Florida SITW   |        | 9,615.38 |          |
| Totals |              |        |          | 2,160.45 |

| Code | Deduction | Amount |
|------|-----------|--------|
| VECI | VECI      | 22.00  |
| Totals |         | 22.00  |

---

[5] A $1.6 billion specialty pharmaceuticals and homecare company providing comprehensive cost-effective solutions to patients, insurance payers and drug manufacturers.

17. In the 12 months prior to the Petition Date, Keller was paid approximately $297,500, which reflects a bonus he received for taking on the interim chief executive role.

18. Keller currently works on average seven (7) days a week.

19. Keller is an insider pursuant to 11 USC § 101(31). He is an officer of the Debtors and also owns 350,000 shares of stock in First Choice Healthcare Solutions, Inc.

20. The Debtors' success in their restructuring efforts will be highly dependent on the services Keller provides the Debtors. He oversees the Debtors' day-to-operations, finances and is a key employee needed for the Debtors' successful restructuring process. Keller has developed critical relationships with vendors, physicians and the medical community that are valuable to the Debtors.

21. Any interruption of the salaries and benefits provided to Keller would adversely affect the Debtors' ability to retain Keller throughout the pendency of the bankruptcy cases and cause direct harm to the estates.

22. Romandetti, Jr. and Keller are in need of their requested salaries to meet personal and family financial obligations.

23. The salaries requested are within the range of reasonable salaries for the services they provide and are based on their experience, qualifications, and responsibilities.

24. The Debtors request that the salaries and benefits be approved to assist the Debtors with a successful reorganization.

## RESERVATION OF RIGHTS

25. Except as expressly stated herein, nothing contained herein is intended or should be construed as (a) an agreement or admission by the Debtors as to the validity of any claim against its estate, (b) a waiver or impairment of the Debtors' right to dispute any claim on any grounds, (c) a promise by the Debtors to pay any claim, (d) an agreement of a contract under

section 365 of the Bankruptcy code, or (e) an implication or admission by the Debtors that such claim is payable pursuant to an Order granting the relief requested in this Motion.

### **WAIVER OF BANKRUPTCY RULE 6004(A) AND 6004(H)**

26.     To implement the foregoing successfully, the Debtors respectfully request a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). Pursuant to Bankruptcy Rule 6004(h), "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." As set forth above, the payments proposed herein are essential to prevent potentially irreparable damage to the Debtors' operations, value, and ability to reorganize. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004 (h), to the extent it applies.

### **NOTICE**

27.     The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee; (b) the holders of the 20 largest unsecured claims against the Debtors; (c) the United States Attorney's Office for the Middle District of Florida; (d) the Internal Revenue Service; and (e) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, for the reasons set forth above, the Debtors respectfully request that the Court (i) authorize the Debtors to (a) pay pre-petition and post-petition wages, (b) continue existing employee benefit plans and programs, (c) reimbursement expenses, and (ii) granting such other and further relief.

| | |
|---|---|
| Dated: June 17, 2020 | /s/ Esther McKean<br>Esther McKean, Esquire<br>Florida Bar No. 028124<br>AKERMAN LLP<br>420 S. Orange Ave., Suite 1200<br>Orlando, FL 32801<br>Phone: (407) 423-4000<br>Fax: (407) 843-6610<br>Email: esther.mckean@akerman.com<br><br>Proposed Counsel for Debtors and<br>Debtors-in-Possession |

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2020, this document was filed and served through the Court's CM/ECF system and I caused the foregoing document to be served by first class mail, postage prepaid, on the following persons: Debtors c/o Phil Keller, 709 S. Harbor City Blvd., Suite 530, Melbourne, FL 32901, United States Trustee's Office, 400 W. Washington St., Ste. 1120, Orlando, FL 32801, CT Corp., c/o Ellsworth Summers, Esq., Burr & Forman LLP, 50 North Laura Street, Suite 3000, Jacksonville, FL 32202, Internal Revenue Service, P.O. Box 21126, Philadelphia, PA 19114, U.S. Attorney's Office for the Middle District of Florida, 400 W. Washington Street, Suite 3100, Orlando, FL 32801 and each Debtor (with employees) twenty largest unsecured creditors as shown on the attached matrix.

s/ Esther McKean<br>
Esther A. McKean, Esquire
