# EXHIBIT C

Unknown·
Unknown



RON DESANTIS
GOVERNOR

MARY C. MAYHEW
SECRETARY

November 12, 2019

Phillip J. Keller
First Choice Medical Group Of Brevard Llc
4311 Norfolk Pkwy Ste 116
Melbourne, FL  32904

**RE: Relicensure**

Dear Mr. Keller:

This letter reports the findings of a state licensure survey that was conducted on October 30, 2019 by a representative of this office.

Attached is the provider's copy of the State (3020) Form, which indicates the deficiencies that were identified on the day of the visit.  Section 408.811(4), Florida Statutes, requires that you correct these deficiencies within thirty days of the date of this letter unless the Agency has approved another timeframe. **Please attach a summary of your corrective action for each deficiency, including completion dates, on your letterhead.  Also include any additional documentation to support correction of identified deficiencies.  Submit summary and documents to the Field Office no later than November 30, 2019.**  Staff from this office will conduct a review of the provided corrective action and supporting documentation to verify that the necessary corrections are in place to correct the deficiencies identified on your survey, which may include a desk review or onsite revisit.

The Quality Assurance Questionnaire has long been employed to obtain your feedback following survey activity.  This form has been placed on the Agency's website at http://ahca.myflorida.com/Publications/Forms.shtml as a first step in providing a web-based interactive consumer satisfaction survey system.  You may access the questionnaire through the link under Health Facilities and Providers on this page.  Your feedback is encouraged and valued, as our goal is to ensure the professional and consistent application of the survey process.

Thank you for the assistance provided to the surveyor(s).  Should you have any questions please call Theresa DeCanio, RN at 407/420-2502.

Sincerely,

Theresa DeCanio, RN
Field Office Manager

TD/bs
Enclosure
   XG90

Orlando Field Office
400 W. Robinson St., Suite S-309
Orlando, FL 32801
Phone:(407) 420-2502; Fax:(407) 245-0098
AHCA.MyFlorida.com



Facebook.com/AHCAFlorida
Youtube.com/AHCAFlorida
Twitter.com/AHCA_FL
SlideShare.net/AHCAFlorida

Unknown·

PRINTED: 11/08/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | LC11674 | A. BUILDING: _____ B. WING _____ | 10/30/2019 |

NAME OF PROVIDER OR SUPPLIER

**FIRST CHOICE MEDICAL GROUP OF BREVARI**

STREET ADDRESS, CITY, STATE, ZIP CODE

**4311 NORFOLD PKWY STE 116
MELBOURNE, FL 32904**

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ803 | 408.804 FS License Required; Display | CZ803 | | |
| | 408.804 License required; display.- | | | |
| | (1) It is unlawful to provide services that require licensure, or operate or maintain a provider that offers or provides services that require licensure, without first obtaining from the agency a license authorizing the provision of such services or the operation or maintenance of such provider. | | | |
| | (2) A license must be displayed in a conspicuous place readily visible to clients who enter at the address that appears on the license and is valid only in the hands of the licensee to whom it is issued and may not be sold, assigned, or otherwise transferred, voluntarily or involuntarily. The license is valid only for the licensee, provider, and location for which the license is issued. | | | |
| | (3) Any person who knowingly alters, defaces, or falsifies a license certificate issued by the agency, or causes or procures any person to commit such an offense, commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Any licensee or provider who displays an altered, defaced, or falsified license certificate is subject to the penalties set forth in s. 408.815 and an administrative fine of $1,000 for each day of illegal display. | | | |
| | This Statute or Rule is not met as evidenced by: Based on observation and interview, the health care clinic failed to post their license in a place readily visible to all persons entering the establishment. | | | |
| | Finding: | | | |
| | On 10/30/19 at 11:52 AM, during tour of the clinic, the license was posted in the hall inside the treatment area. | | | |

AHCA Form 3020-0001

LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE          TITLE          (X6) DATE

STATE FORM          6199          BXW711          If continuation sheet  1 of 8

Unknown.

PRINTED: 11/08/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER. | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | | A. BUILDING: _____ | | |
| | LC11674 | B. WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARI | 4311 NORFOLD PKWY STE 116 MELBOURNE, FL 32904 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ803 | Continued From page 1 | CZ803 | | |
| | On 10/30/19 at 1:11 PM, the Operations Manager and Medical Director were unaware the license had to be posted in a place visible to anyone entering their clinic and agreed the treatment hall was not visible from the waiting area. | | | |
| CZ816 | 408.809(2)(a-c); 59A-36.090(2)(d)-(3) Background Screening-Compliance Attestation | CZ816 | | |
| | 408.809 (2) Every 5 years following his or her licensure, employment, or entry into a contract in a capacity that under subsection (1) would require level 2 background screening under chapter 435, each such person must submit to level 2 background rescreening as a condition of retaining such license or continuing in such employment or contractual status. For any such rescreening, the agency shall request the Department of Law Enforcement to forward the person's fingerprints to the Federal Bureau of Investigation for a national criminal history record check unless the person's fingerprints are enrolled in the Federal Bureau of Investigation's national retained print arrest notification program. If the fingerprints of such a person are not retained by the Department of Law Enforcement under s. 943.05(2)(g) and (h), the person must submit fingerprints electronically to the Department of Law Enforcement for state processing, and the Department of Law Enforcement shall forward the fingerprints to the Federal Bureau of Investigation for a national criminal history record check. The fingerprints shall be retained by the Department of Law Enforcement under s. 943.05(2)(g) and (h) and enrolled in the national retained print arrest notification program when the Department of Law Enforcement begins participation in the program. The cost of the state | | | |

Unknown

PRINTED: 11/08/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11674 | A. BUILDING _____ | | |
| | | B. WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARI | 4311 NORFOLD PKWY STE 116 MELBOURNE, FL 32904 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ816 | Continued From page 2 | CZ816 | | |
| | and national criminal history records checks required by level 2 screening may be borne by the licensee or the person fingerprinted. Until a specified agency is fully implemented in the clearinghouse created under s. 435.12, the agency may accept as satisfying the requirements of this section proof of compliance with level 2 screening standards submitted within the previous 5 years to meet any provider or professional licensure requirements of the agency, the Department of Health, the Department of Elderly Affairs, the Agency for Persons with Disabilities, the Department of Children and Families, or the Department of Financial Services for an applicant for a certificate of authority or provisional certificate of authority to operate a continuing care retirement community under chapter 651, provided that: (a) The screening standards and disqualifying offenses for the prior screening are equivalent to those specified in s. 435.04 and this section; (b) The person subject to screening has not had a break in service from a position that requires level 2 screening for more than 90 days; and (c) Such proof is accompanied, under penalty of perjury, by an attestation of compliance with chapter 435 and this section using forms provided by the agency. | | | |
| | 59A-35.090(2) Processing Screening Requests, Required Documents and Fees. (d) An Attestation of Compliance with Background Screening Requirements, AHCA Form 3100-0008, January 2017, herein incorporated by reference, available at http://www.flrules.org/Gateway/reference.asp?No=Ref-09108, and available from the Agency for Health Care Administration at: http://ahca.myflorida.com/MCHQ/Central_Service | | | |

AHCA Form 3020-0001
STATE FORM                                      6899          8XW711                        If continuation sheet 3 of 5

Unknown.

PRINTED: 11/08/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11874 | A. BUILDING: _____ <br> B. WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARI | 4311 NORPOLD PKWY STE 116 <br> MELBOURNE, FL 32904 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ816 | Continued From page 3 <br><br> s/Background_Screening/Regulations_Forms.sht ml. This form must be completed by the individual and retained by the provider upon hire to attest that they meet the requirements for qualifying for employment, they have not been unemployed for more than 90 days from a position that requires Level 2 screening, and they agree to inform the employer immediately if arrested for any disqualifying offense. <br> (e) An administrator or chief financial officer must be screened and qualified prior to appointment to the position. <br> (3) Results of Screening and Notification. <br> (a) Final results of background screening requests will be provided through the Agency's secure website that may be accessed by all health care providers applying for or actively licensed through the Agency that are registered with the Care Provider Background Screening Clearinghouse. The secure website is located at: apps.ahca.myflorida.com/SingleSignOnPortal. <br> (b) If a Level 2 criminal history is incomplete, a certified letter will be sent to the individual being screened requesting the arrest report and court disposition information. If the letter is returned unclaimed, a copy of the letter will be sent by regular mail. Pursuant to section 435.05(1)(d), F.S., the missing information must be filed with the Agency within 30 days of the Agency's request or the individual is subject to disqualification in accordance with section 435.06(3), F.S. <br> (c) The eligibility results of employee screening and the signed Attestation referenced in subsection 59A-35.090(2), F.A.C., must be in the employee's personnel file, maintained by the provider. | CZ816 | | |

Unknown

PRINTED: 11/08/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11674 | A. BUILDING: _____ B. WING _____ | | 10/30/2019 |

NAME OF PROVIDER OR SUPPLIER

**FIRST CHOICE MEDICAL GROUP OF BREVARD**

STREET ADDRESS, CITY, STATE, ZIP CODE

**4311 NORFOLD PKWY STE 116**
**MELBOURNE, FL 32904**

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ816 | Continued From page 4 | CZ816 | | |
| | This Statute or Rule is not met as evidenced by: Based on interview, the health care clinic failed to have signed Attestations of Compliance with Background Screening Requirements for 11 of 11 employees including the medical director and the administrator (Staff A through Staff K). | | | |
| | Findings: | | | |
| | On 10/30/19 beginning at 12:34 PM, employee records were requested from Human Resources located offsite at the main office. | | | |
| | On 10/30/19 at 1:01 PM, the operations manager provided insurance fraud forms for the attestations of compliance with background screenings for the last medical director and she stated those were the only forms that human resources had. | | | |
| U 000 | Initial Comments | U 000 | | |
| | A health care clinic Relicensure survey was conducted on 10/30/2019. First Choice Medical Group of Brevard, LLC, had deficiencies at time of survey. | | | |
| U 300 | 400.9935(1), F.S., 59A-33.008(1) Medical Director Required | U 300 | | |
| | 400.9935(1), F.S. Each clinic shall appoint a medical director or clinic director who shall agree in writing to accept legal responsibility for the following activities on behalf of the clinic. | | | |
| | 59A-33.008(1), F.A.C. A licensed health care clinic may not operate or | | | |

AHCA Form 3020-0001

STATE FORM                                    8XW711                    If continuation sheet 5 of 8

Unknown,
Unknown

PRINTED: 11/08/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | **LC11674** | A. BUILDING: _____  B. WING _____ | | **10/30/2019** |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| **FIRST CHOICE MEDICAL GROUP OF BREVARI** | **4311 NORFOLD PKWY STE 116 MELBOURNE, FL 32904** |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 300 | Continued From page 5 | U 300 | | |
| | be maintained without the day-to-day supervision of a single medical or clinic director as defined in Section 400.9905(5), F.S. | | | |
| | This Statute or Rule is not met as evidenced by: Based on interview and record review, the health care clinic failed to have a Medical or Clinical Director from October 18, 2019 to October 25, 2019. | | | |
| | Findings: | | | |
| | On 10/30/19 at 10:57 AM, the Operations Manager stated the medical director listed on the application was no longer with the company. She stated his last day working at this location was October 18, 2019. | | | |
| | On 10/30/19 at 11:02 AM, the new Medical Director stated he signed the Medical Director agreement on 10/29/19 at 4:00 PM. | | | |
| | Review of the new medical director agreement was dated 10/25/19. | | | |
| U 306 | 400.9935(1)(a), F.S. Clinic Responsibilities-Sign Identify Med Dir | U 306 | | |
| | 400.9935(1), F.S. The medical director or the clinic director shall: (a) Have signs identifying the medical director or clinic director posted in a conspicuous location within the clinic readily visible to all patients. | | | |
| | This Statute or Rule is not met as evidenced by: Based on observation and interview, the sign posted identifying the medical director was not accurate, it listed the last medical director whose last day at the clinic location was October 18, | | | |

AHCA Form 3020-0001
STATE FORM

8XW711

If continuation sheet 6 of 8

Unknown,

PRINTED: 11/08/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | **LC11674** | A. BUILDING: _____ <br> B. WING _____ | | **10/30/2019** |

NAME OF PROVIDER OR SUPPLIER

**FIRST CHOICE MEDICAL GROUP OF BREVARD**

STREET ADDRESS, CITY, STATE, ZIP CODE

**4311 NORFOLD PKWY STE 116**
**MELBOURNE, FL 32904**

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 308 | Continued From page 6 <br><br> 2019. <br><br> Findings: <br><br> On 10/30/19 at 11:00 AM, during tour of the clinic, there were 2 signs posted identifying the medical director who was no longer employed at this location. There was no sign posted identifying the current medical director, whose dated medical director agreement had him start on 10/25/19. <br><br> On 10/30/19 at 11:02 AM, the new Medical Director stated he signed the Medical Director agreement on 10/28/19 at 4:00 PM. | U 308 | | |
| U 308 | 59A-33.012(3)(r), F.A.C. Clinic Responsiblities-Log of Level 2 Bkgd Ck <br><br> 59A-33.012, F.A.C. <br> (3) To facilitate a licensure survey, the health care clinic shall have the following materials readily available for review at the time of the survey: <br><br> (r) Log of all natural persons required and who have been screened under Level 2 criteria of Chapter 435 and Section 400.991, F.S.; <br><br> This Statute or Rule is not met as evidenced by: <br> Based on record review and interview, the health care clinic failed to have a complete log of all natural persons required to be screened under level 2 criteria (missing Staff A through Staff C). <br><br> Findings: <br><br> On 10/30/19 at 11:42 AM, the opertions manager validated the log of people required to be screened did not include Staff A, Staff B and Staff | U 308 | | |

AHCA Form 3020-0001
STATE FORM                         ᴮᴬᴬⱽ         BXW711                         If continuation sheet 7 of 8



709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901
321.725.2225

Good Afternoon :

Please see the following corrections that have been made in writing also attachments are included

1: CS803-  Statue 408.804- Licenses were moved to the front lobby near check-in while the inspector was present on 10/30/2019. Please see the attached picture.

2: CZ816- Statue 408.809- - Attestations were completed prior to each employee being hired. This was corrected on 10/31/2019. Please see attached attestations for the employees in this clinic.

3: U300- Statue 400.935 – Medical director was appointed to this clinic on 10/25/2019. This has been corrected and contracts have been signed on 10/29/2019.

4: U306- Statue 400.935. – Sign have been posted in the clinic stating the Medical director and Clinic director. This was posted and corrected on 10/30/2019. While the inspector was present.

5: U308-statue 59a-33.012- All employees background checks have been verified and added the AHCA book this was corrected on 10/30/2019 while the inspector was there.

6: U340- Statue 59A-33.0123 record sign off- this was corrected while the inspector was there on 10/30/2019 and has been added to our AHCA book please see attachments.

CONTINUOUS COMMITMENT TO ORTHOPAEDIC EXCELLENCE AND COMPASSIONATE CARE



709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901
321.725.2225

Good Afternoon:

Please see the following corrections have been made in writing also attachments are included.

1: CS803-Statue 408.804- Licenses were moved to front lobby on 10/31/2019

2: CA816-Statue 408.809- Attestations were completed prior to each employee being hired. The was corrected on 10/31/2019. Please see attached attestations for the employees in this clinic.

3: U306- Statue 400.935- Medical director was appointed to this clinic on 10/25/2019. This has been corrected and contracts have been signed on 10/29/2019

4: U306- Statue 400.935-Signs have been posted in the clinic stating the Medical director. This was posted and corrected on 10/30/2019

5: U300-Statue 400.9935- Contracts were signed and on 10/29/2019 please see attachments

6: U308-Statue 59a-33.01- All employees background checks have been verified and added the ACHA handbook was corrected on 10/31/2019

7: U340- Statue 59A-33.0123- Record sign off this was corrected on 10/31/2019

Thank you,

Eileen Bridenbecker

# MEDICAL DIRECTOR AGREEMENT

This Agreement is made as of the __25th__ day of __October__, 2019 (the "Effective Date"), by and between FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC, a Delaware limited liability company qualified to do business in Florida (the "Company"), and Juan Maldonado, DPT. ("Dr. Maldonado").

## WITNESSETH

WHEREAS, Company currently operates a Health Care Clinic as defined in Section 400.9905, Florida Statutes, with offices presently located at Marina Towers, 709 S. Harbor City Blvd., Ste 100, Melbourne, FL 32901 and The Centre at Suntree, 6300 N. Wickham Rd., Ste 116, Melbourne, FL 32940 and Hammock Landing, 4311 Norfolk Pkwy., Ste 114, West Melbourne, FL, 32904.

WHEREAS, Dr. Maldonado is duly licensed and qualified to practice physical therapy in the State of Florida, is currently is employed under separate agreement with Company as an employed Physical Therapist, and is now in addition willing to serve as the Medical Director of this location to provide certain administrative services and medical direction of services as allowed per his license as a Physical Therapist (collectively the "Services") by and on behalf of the Company pursuant to the terms of this Agreement; and

WHEREAS, Company hereby engages Dr. Maldonado to serve as the Medical Director and Dr. Maldonado hereby accepts such engagement on the terms and conditions set forth herein, and both parties recognize the terms of this Agreement are separate from Dr. Maldonado's employment agreement with Company.

NOW THEREFORE, for and in consideration of the foregoing and the mutual terms, covenants and conditions hereinafter set forth, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the parties hereto and hereby agree as follows:

1.   **Term.**  The Term of this Agreement shall commence as of the Effective Date. This Agreement shall continue until the first (1st) anniversary date thereof and shall be automatically renewed thereafter for successive one (1) year terms, unless sooner terminated as provided in Section 6, or revised upon the mutual consent and agreement of Company and Dr. Maldonado.

2.   **Engagement.**  Dr. Maldonado is engaged to serve as the Medical Director of the Company as an independent contractor in accordance with the terms of this Agreement. Dr. Maldonado shall devote such time and attention to the duties and responsibilities as Medical Director of this location as necessary to comply with applicable laws and regulations. As an independent contractor under this agreement, Dr. Maldonado shall not be entitled to any fringe benefits otherwise afforded employees of Company and shall be solely responsible for all expenses incurred in performance of this Agreement and payment of all income and other taxes, licenses and permits.

3.    **Duties and Responsibilities.** Dr. Maldonado shall act as the Medical Director of this location, in accordance with the duties and responsibilities required by Section 400.9935, Florida Statutes, including, but not limited to, the following:

**Medical Director.**

1.  Confirm that this location has signs identifying Dr. Maldonado as the Medical Director of Company posted in a conspicuous location.

2.  Ensure that all practitioners providing health care services to patients maintain a current active and unencumbered Florida license.

3.  Review and approve patient referral contracts or agreements executed by Company.

4.  Ensure that all health care practitioners at this location maintain active and appropriate Florida licenses, have appropriate certifications and accreditation, training, and experience to provide the professional services rendered by or on behalf of Company.

5.  Serve as Company records owner, as defined in Section 456.057, Florida Statutes.

6.  Ensure compliance with the recordkeeping, office surgery, and adverse incident reporting requirements of Chapter 456, Florida Statutes, the respective practice acts, and rules adopted under this part.

7.  Conduct systematic reviews of Company billings, in cooperation with Company personnel, to ensure that the billings are not fraudulent or unlawful. Upon discovery of an inappropriate or unlawful charge, Dr. Maldonado shall take immediate corrective action.

**Insurance.**    During the term of this Agreement, Company shall maintain, professional liability insurance for services provided by Dr. Maldonado under this Agreement with limits of coverage of not less than $250,000 per claim/$750,000 annual aggregate issued by an insurer acceptable, in its sole discretion, to Company. Said policy shall insure the provision of Professional Services by the Physical Therapist that occur pursuant to and during the Term of this Agreement or meet such other financial responsibility alternatives as permitted by Section 458.320, Florida Statutes, and provide evidence thereof.

5.    Compensation.

Dr. Maldonado responsibilities as Medical Director in accordance with this Agreement will require a regular commitment of professional time and attention on the part of Dr. Maldonado. The performance of such services is required to maintain an appropriate level of performance in the technical provision of professional services and will fulfill applicable requirements of the Florida Health Care Clinic Act and its regulations as well as to the Medicare supervision requirements applicable to Independent Diagnostic Treatment Facilities in the operation of Company. Accordingly, during the term of this Agreement and any renewals thereof, Company will pay Dr. Maldonado One Hundred Fifty and NO/100 ($150.00) per hour for the provision of Services as Medical Director, as set forth herein. Such payment shall not be subject to withholding taxes and assessments.

6.    Termination.

A.    Notwithstanding any provisions of this Agreement to the contrary, either party may terminate this Agreement at any time during the term of this Agreement by providing to the other party not less than sixty (60) days advance written notice.

B.    Company shall have the right to terminate this Agreement immediately and without prior notice for "cause". The following events constitute "cause" for which Dr. Maldonado may be immediately terminated: (i) if Dr. Maldonado's license to practice physical therapy is suspended, restricted or revoked by the State of Florida Board of Medicine or that of any other state; (ii) if Dr. Maldonado is convicted of a felony or commits an act involving moral turpitude, financial malfeasance, or any criminal offense; (iii) if Dr. Maldonado is suspended, excluded, or debarred from participation in Medicare, Medicaid, or any other federal or state health benefit program or from participating in any government procurement program; or (iv) if Dr. Maldonado breaches this Agreement and fails to cure the breach within ten (10) days after receipt of notice from Company.

C.    If Dr. Maldonado's engagement is terminated for any reason, Company's only obligation is to compensate Dr. Maldonado for Services rendered and amounts accrued and unpaid as of the effective date of termination pro-rated at the rate set forth in Section 5 hereof.

D.    Dr. Maldonado shall have the right to terminate this Agreement immediately for "cause". The following events constitute "cause" for which Dr. Maldonado may immediately terminate this Agreement: (i) upon revocation of Company's Health Care Clinic license; (ii) Company, or any of its current owners, officers, or directors is convicted of a felony

related to Company; or (iii) Company is suspended, excluded or debarred from participation in the Medicare, Medicaid, or any other federal or state health benefit program or from participating in any government procurement program.

7.    <u>Representations and Warranties.</u>

A.    Dr. Maldonado represents, warrants, and covenants that he is, and at all times during the term of this Agreement, will be, duly qualified to practice physical therapy, under the laws of Florida.

B.    Dr. Maldonado represents, warrants, and covenants that he is not excluded, debarred, or suspended from participation in Medicare, Medicaid or other federal or state health benefit program. Dr. Maldonado will notify Company immediately if Dr. Maldonado is excluded, debarred or suspended from any of the foregoing federal or state health benefit programs.

C.    Dr. Maldonado represents, warrants, and covenants that he shall conform to all lawful directives issued from time to time by Company.

D.    Dr. Maldonado represents, warrants, and covenants that he shall adhere to all applicable Medicare and Medicaid laws and regulations, third party payor regulations, and Florida laws with regard to billing and coding practices and maintain current knowledge of billing and coding requirements as they apply to the practice of Company, as required to meet the foregoing obligations.

E.    Company and Dr. Maldonado represent and warrant that to the best of its and his knowledge and belief:

1.    The compensation for Services rendered hereunder is commercially reasonable, consistent with fair market value, and not determined in a manner that takes into account the volume or value of any referrals or other business generated, if any, between the parties.

2.    No amount paid hereunder is intended to be, nor shall be construed as, an inducement or payment for referral of or recommending referral of, patients by either party to the other. Notwithstanding any unintended consequence to the contrary, there is no obligation of the parties to refer patients or order goods or services from the other.

47327980;1

3. The Services to be performed by Dr. Maldonado under this Agreement do not involve the counseling or promotion of a business arrangement that violates any state or federal law.

4. This Agreement describes all of the services to be provided by, through or on behalf of Dr. Maldonado in his role as Medical Director, and all such services are reasonable and necessary for the legitimate business purposes of Company.

F. Company represents and warrants that:

1. It shall maintain and store medical records in accordance with applicable state and federal laws at Company's expense.

2. Company shall maintain its Health Care Clinic license as required by Florida law.

3. Company shall abide by all applicable federal and state laws.

This Agreement shall be contingent upon the parties' compliance with the representations and warranties set forth herein. A failure to meet such conditions at any time during the term of this Agreement shall constitute a material breach, terminable by the non-breaching party upon not less than fifteen (15) days' advance notice to the other.

8. **Confidentiality; Confidential Information**

A. Dr. Maldonado acknowledges that, as a result of this Agreement, Dr. Maldonado may become informed of, and have access to, valuable and confidential information of Company, including, without limitation, patient information, pricing information, contracts and agreements, referral sources, fees, budgets, charges, protocols, policies, staffing, business planning and strategies, and advantageous business relationships ("Confidential Information"). Accordingly, except as required by law, Dr. Maldonado will not, at any time, either during or subsequent to the Term, use, reveal, report, publish, copy, transcribe, transfer, or otherwise disclose to any person, corporation, or other entity, any of the Confidential Information without the prior written consent of Company, with the exception of disclosure to state licensing agencies, appropriate accrediting bodies, and other responsible persons who are in a contractual or fiduciary relationship with Dr. Maldonado and who have agreed not to further disclose the Confidential Information. Dr. Maldonado's obligations and agreements under this Section shall not apply to any Confidential Information that: (i) was known to Dr. Maldonado prior to the disclosure by Company, (ii) is or becomes generally available to the public other than by breach of this Agreement, or (iii) otherwise becomes lawfully available

on a non-confidential basis from a third party who is not under an obligation of confidence to Company.

B.  The parties shall protect the confidentiality and security of all Confidential Information including, without limitation, protected health information, in accordance with the Health Insurance Portability and Accountability Act of 1996, and the rules and regulations promulgated pursuant thereto including, without limitation, the Privacy Rule, the Security Rule, the Data Breach Provisions of the HITECH Act (collectively referred to as "HIPAA"), the Florida Information Privacy Act, and other applicable federal and state data privacy and security laws. For purposes of this engagement and for HIPAA compliance, Dr. Maldonado shall be considered a workforce member of Company. Dr. Maldonado shall undergo such training and shall agree to enter into a business associate, if requested by Company, to ensure compliance with HIPAA.

C.  The obligations under this Section shall survive termination or non-renewal of the Agreement.

9.  **Records Owner.** As set forth in Section 3(A)(5) and as required by Section 400.9935(1)(f) of the Florida Statutes, during the Term of this Agreement, Dr. Maldonado shall serve as Company patient records owner of this location, as required by the Florida Health Care Clinic Act. Dr. Maldonado's term as Company records owner shall terminate upon expiration or termination, for any reason, of this Agreement. The parties hereby expressly agree that upon any such expiration or termination, the ownership of Company's records shall transfer automatically to the successor medical director employed or engaged by Company, at Company's sole discretion. Furthermore, notwithstanding anything in this Section 9, the parties expressly agree that Company shall be and remain, at all times, the sole custodian of all clinical patient records and shall maintain such patient records in accordance with the Health Insurance Portability and Accountability Act of 1996.

10.  **Governing Law and Venue.** This Agreement will be governed by and construed in accordance with the laws of the State of Florida. In the event of any litigation arising from this Agreement, the parties agree that the state court forum for said litigation shall be in Brevard County, Florida, in the court of appropriate jurisdiction, and that the federal court jurisdiction shall be in the U.S. District Court for the Middle District of Florida, in Orange County, Florida.

11.  **Counterparts.** This Agreement will become effective only upon execution by the parties. This Agreement may be executed in counterparts, each signature page of which when combined with the other signature page shall constitute one Agreement enforceable against each party in accordance with its terms.

12.  **Assignment.** The Company may assign this Agreement to a related party or affiliate. Dr. Maldonado may not assign this Agreement without the written consent of the Company. This Agreement is binding on and inures to the benefit of the parties hereto and their respective successors.

13.    **Notice.** All notices, requests, demands and other communications under this Agreement will be deemed to have been duly given: (i) when personally delivered by hand; (ii) three (3) days after depositing with the U.S. Postal Service, postage prepaid, return receipt requested; (iii) one (1) day after being forwarded via a national overnight courier service (e.g. FedEx, UPS, DHL, etc.); or (iv) the following day after being forwarded via electronic mail or facsimile, to the last known address of record of the party, with confirmation of receipt, as follows:

| | |
|---|---|
| To Dr. Maldonado: | Juan Maldonado, DPT |
| To the Company: | First Choice Medical Group of Brevard, LLC<br>709 South Harbor City Blvd., Suite 100<br>Melbourne, Florida 32901 |
| With a copy to: | Robert E. Slavkin<br>Akerman, LLP<br>420 S. Orange Avenue, Suite 1200<br>Orlando, FL 32801 |

Either party may change its respective address and contact information by providing notice to the other in accordance with the provisions of this Section 13.

14.    **Entire Agreement.** This Agreement contains the entire agreement of the parties regarding the engagement of Dr. Maldonado and supersedes all prior agreements, whether written or oral, with respect to the Medical Director Services of this location. It may not be changed orally, but only by an agreement in writing signed by the party against whom any waiver, change, modification or discharge is sought.

15.    **Partial Invalidity.** If any one or more of the provisions of this Agreement shall be held invalid or unenforceable under state or federal laws governing relationships, activities or arrangements between healthcare providers, then the parties agree to revise the terms of this Agreement to comply with such laws as may be enacted, amended, or interpreted from time to time. In the event either party shall be prohibited by a change in applicable law or a change in interpretation by a court of law or government agency of competent jurisdiction from performing its respective duties and obligations set forth herein, such party shall notify the other party of the specific basis and such party's intent to terminate this Agreement. The parties shall negotiate in good faith to attempt to resolve the issue. In the event such good faith negotiations are unsuccessful, either party may terminate this Agreement by providing notice to the other party in accordance with Section 13.

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the Effective Date.

First Choice Medical Group of Brevard, LLC

By: _____
　　Phillip Keller, Interim CEO and CFO

**MEDICAL DIRECTOR – Melbourne, West Melbourne and Suntree Locations**

By: _____
　　Juan Maldonado, DPT

Page 8

47327980;1



709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901
321.725.2225







CONTINUOUS COMMITMENT TO ORTHOPAEDIC
EXCELLENCE AND COMPASSIONATE CARE



**Agency for Health Care
Administration**

# Background Screening Result

This individual's eligibility status as of 11/11/2019 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| CHRISTOPHER VIRGIN | XXX-XX-2565 | 6/18/1987 | WHITE | MALE |

**Retained Prints Expiration Date: 12/21/2023**
**Clearinghouse Screening Available?: Yes**

### Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 1/4/2019 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 1/4/2019 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 1/4/2019 |

### Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| OCCUPATIONAL THERAPIST | 19626 | 11/13/2018 | 2/28/2021 | CLEAR |

### Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Physical Therapist / Occupational Therapist / Respiratory Therapist / Speech Therapist | 08/07/2019 | |
| | Physical Therapist / Occupational Therapist / Respiratory Therapist / Speech Therapist | 04/22/2019 | |
| | Physical Therapist / Occupational Therapist / Respiratory Therapist / Speech Therapist | 04/22/2019 | |
| | Physical Therapist / Occupational Therapist / Respiratory Therapist / Speech Therapist | 01/08/2019 | 04/01/2019 |

11/2/2018                                                AHCA BGS - Background Screening Result



**Agency for Health Care Administration**

Provider Name:
Printed by: Kristen Bassett Jones
License Number:

# Background Screening Result

This individual's eligibility status as of 11/2/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| ASHLEY L BARNETT | XXX-XX-6076 | 8/17/1986 | WHITE | FEMALE |

**Retained Prints Expiration Date:** 7/18/2022
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 8/1/2017 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 8/1/2017 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 8/1/2017 |

## Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST ASSISTANT | 27731 | 7/13/2017 | 11/30/2019 | CLEAR |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/07/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/07/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/07/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/07/2017 | |

**Print Event:** 171835911

**Print Date:** 11/2/2018

11/1/2018                                                  AHCA BGS - Background Screening Result



**Agency for Health Care Administration**

Provider Name:
Printed by: Kristen Bassett Jones
License Number:

# Background Screening Result

This individual's eligibility status as of 11/1/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| JASON CARLL | XXX-XX-4246 | 1/15/1972 | ASIAN | MALE |

**Retained Prints Expiration Date: 5/15/2023**
**Clearinghouse Screening Available?: Yes**

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 5/29/2018 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 5/29/2018 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 5/29/2018 |

## Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST ASSISTANT | 28392 | 4/9/2018 | 11/30/2019 | CLEAR |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| No records to display. | | | |

**Print Event: 182087930**

**Print Date: 11/1/2018**



**Agency for Health Care Administration**

Provider Name:
Printed by: Kristen Bassett Jones
License Number:

# Background Screening Result

This individual's eligibility status as of 11/2/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| WHITNEY MATHEWS | XXX-XX-7041 | 3/19/1991 | WHITE | FEMALE |

**Retained Prints Expiration Date: 1/22/2023**
**Clearinghouse Screening Available?: Yes**

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 2/5/2018 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 2/5/2018 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 2/5/2018 |

## Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST | 32476 | 5/3/2017 | 11/30/2019 | CLEAR |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 06/06/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 06/06/2017 | |

**Print Event: 12584727**

**Print Date: 11/2/2018**

11/1/2018                                    AHCA BGS - Background Screening Result



**Provider Name:**
Printed by: Kristen Bassett Jones
**License Number:**

**Agency for Health Care**
**Administration**

# Background Screening Result

This individual's eligibility status as of 11/1/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| CHELSEA NICOLE ENGELHARDT | XXX-XX-6284 | 11/11/1992 | WHITE | FEMALE |

**Retained Prints Expiration Date: 8/24/2023**
**Clearinghouse Screening Available?: Yes**

### Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 9/10/2018 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 9/10/2018 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 9/10/2018 |

### Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST | 33921 | 8/10/2018 | 11/30/2019 | CLEAR |

### Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| | Dietary | 04/11/2011 | 05/19/2015 |

**Print Event: 11338021**                                **Print Date: 11/1/2018**



Provider Name:
Printed by: Kristen Bassett Jones
License Number:

**Agency for Health Care Administration**

# Background Screening Result

This individual's eligibility status as of 11/1/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| LISSETTE GUERRA | XXX-XX-7726 | 4/28/1988 | WHITE | FEMALE |

**Retained Prints Expiration Date:** 7/29/2022
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 8/14/2017 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 8/14/2017 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 8/14/2017 |

## Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST | 33141 | 11/1/2017 | 11/30/2019 | CLEAR |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/28/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/28/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/28/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 08/28/2017 | |

**Print Event:** 171850859

**Print Date:** 11/1/2018

11/5/2018                                AHCA BGS - Background Screening Result



**Provider Name:**
**Printed by:** Kristen Bassett Jones
**License Number:**

**Agency for Health Care**
**Administration**

# Background Screening Result

This individual's eligibility status as of 11/5/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name:<br>CHRISTINA SIELICKI | SSN:<br>XXX-XX-9393 | Date of Birth:<br>12/2/1982 | Race:<br>WHITE | Sex:<br>FEMALE |
|---|---|---|---|---|

**Retained Prints Expiration Date:** 5/3/2022
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 5/17/2017 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 5/17/2017 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 5/17/2017 |

**Employment History** (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 05/16/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 05/16/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 05/16/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 05/16/2017 | |

**Print Event:** 171753894

**Print Date:** 11/5/2018

AHCA BGS - Background Screening Result



**Agency for Health Care Administration**

Provider Name:
Printed by: Kristen Bassett Jones
License Number:

# Background Screening Result

This individual's eligibility status as of 11/1/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| AMANDA CEREGHINO | XXX-XX-2100 | 3/24/1991 | WHITE | FEMALE |

**Retained Prints Expiration Date:** 1/26/2023
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 2/15/2018 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 2/15/2018 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 2/15/2018 |

**Employment History** (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| No records to display. | | | |

**Print Event: 181993053**

**Print Date: 11/1/2018**

11/2/2018                                        AHCA BGS - Background Screening Result



**Agency for Health Care Administration**

Provider Name:
Printed by: Kristen Bassett Jones
License Number:

# Background Screening Result

This individual's eligibility status as of 11/2/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| KELLIE MAGGIO | XXX-XX-6953 | 4/27/1972 | WHITE | FEMALE |

**Retained Prints Expiration Date:** 3/20/2022
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 4/3/2017 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 4/3/2017 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 4/3/2017 |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 04/03/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 04/03/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 04/03/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 04/03/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 04/03/2017 | |

**Print Event: 171700790**                                        **Print Date: 11/2/2018**



**Provider Name:**
**Printed by:** Kristen Bassett Jones
**License Number:**

**Agency for Health Care
Administration**

# Background Screening Result

This individual's eligibility status as of 11/2/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| DOMINICK V PALUSO | XXX-XX-0945 | 5/6/1983 | WHITE | MALE |

**Retained Prints Expiration Date:** 3/9/2022
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 3/23/2017 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 3/23/2017 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 3/23/2017 |

## Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST | 27982 | 11/28/2012 | 11/30/2019 | CLEAR |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |

**Print Event: 171664212**

**Print Date:** 11/2/2018

Unknown
Unknown



RON DESANTIS
GOVERNOR

MARY C. MAYHEW
SECRETARY

November 15, 2019

Phillip J. Keller
First Choice Medical Group Of Brevard Llc
2030 South Patrick Dr
Indian Harbor Beach, FL  32937

**RE: Relicensure survey**

Dear Mr. Keller:

This letter reports the findings of a state licensure survey that was conducted on October 30, 2019 by a representative of this office.

Attached is the provider's copy of the State (3020) Form, which indicates the deficiencies that were identified on the day of the visit. Section 408.811(4), Florida Statutes, requires that you correct these deficiencies within thirty days of the date of this letter unless the Agency has approved another timeframe. **Please attach a summary of your corrective action for each deficiency, including completion dates, on your letterhead.  Also include any additional documentation to support correction of identified deficiencies.  Submit summary and documents to the Field Office no later than November 30, 2019.**  Staff from this office will conduct a review of the provided corrective action and supporting documentation to verify that the necessary corrections are in place to correct the deficiencies identified on your survey, which may include a desk review or onsite revisit.

The Quality Assurance Questionnaire has long been employed to obtain your feedback following survey activity.  This form has been placed on the Agency's website at http://ahca.myflorida.com/Publications/Forms.shtml as a first step in providing a web-based interactive consumer satisfaction survey system.  You may access the questionnaire through the link under Health Facilities and Providers on this page.  Your feedback is encouraged and valued, as our goal is to ensure the professional and consistent application of the survey process.

Thank you for the assistance provided to the surveyor(s).  Should you have any questions please call Theresa DeCanio, RN at 407/420-2502.

Sincerely,

Theresa DeCanio, RN
Field Office Manager

TD/be
Enclosure
     XG90

Orlando Field Office
400 W. Robinson St., Suite S-309
Orlando, FL 32801
Phone:(407) 420-2502; Fax:(407) 245-0998
AHCA.MyFlorida.com



Facebook.com/AHCAFlorida
Youtube.com/AHCAFlorida
Twitter.com/AHCA_FL
SlideShare.net/AHCAFlorida



709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901
321.725.2225

Good Afternoon:

Please see the following corrections have been made in writing also attachments are included.

1: CS803-Statue 408.804- Licenses were moved to front lobby on 10/31/2019

2: CA816-Statue 408.809- Attestations were completed prior to each employee being hired. The was corrected on 10/31/2019. Please see attached attestations for the employees in this clinic.

3: U306- Statue 400.935- Medical director was appointed to this clinic on 10/25/2019. This has been corrected and contracts have been signed on 10/29/2019

4: U306- Statue 400.935-Signs have been posted in the clinic stating the Medical director. This was posted and corrected on 10/30/2019

5: U300-Statue 400.9935- Contracts were signed and on 10/29/2019 please see attachments

6: U308-Statue 59a-33.01- All employees background checks have been verified and added the ACHA handbook was corrected on 10/31/2019

7: U340- Statue 59A-33.0123- Record sign off this was corrected on 10/31/2019

Thank you,

Eileen Bridenbecker

CONTINUOUS COMMITMENT TO ORTHOPAEDIC EXCELLENCE AND COMPASSIONATE CARE

Unknown

PRINTED: 11/15/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11673 | A BUILDING: _____ | | |
| | | B WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVAR | 2030 SOUTH PATRICK DR INDIAN HARBOR BEACH, FL 32937 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ803 | 408.804 FS License Required; Display | CZ803 | | |
| | 408.804 License required; display.- (1) It is unlawful to provide services that require licensure, or operate or maintain a provider that offers or provides services that require licensure, without first obtaining from the agency a license authorizing the provision of such services or the operation or maintenance of such provider. (2) A license must be displayed in a conspicuous place readily visible to clients who enter at the address that appears on the license and is valid only in the hands of the licensee to whom it is issued and may not be sold, assigned, or otherwise transferred, voluntarily or involuntarily. The license is valid only for the licensee, provider, and location for which the license is issued. (3) Any person who knowingly alters, defaces, or falsifies a license certificate issued by the agency, or causes or procures any person to commit such an offense, commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Any licensee or provider who displays an altered, defaced, or falsified license certificate is subject to the penalties set forth in s. 408.815 and an administrative fine of $1,000 for each day of illegal display. This Statute or Rule is not met as evidenced by: Based on observation and interview, the health care clinic failed to post their license in a place readily visible to all persons entering the establishment. Finding: On 10/30/19 at 11:36 AM, during tour of the clinic, the license was posted in the hall inside | | | |

AHCA Form 3020-0001

| LABORATORY DIRECTOR'S OR PROVIDER/SUPPLIER REPRESENTATIVE'S SIGNATURE | TITLE | (X6) DATE |
|---|---|---|
| | | |

Unknown

PRINTED: 11/15/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER. | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11673 | A. BUILDING: _____ B. WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVAR | 2030 SOUTH PATRICK DR INDIAN HARBOR BEACH, FL 32937 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ803 | Continued From page 1<br><br>the treatment area by the check out desk.<br><br>On 10/30/19 at 12:06 PM, the Operations Manager and Medical Director were unaware the license had to be posted in a place visible to anyone entering their clinic and agreed the treatment hall was not visible from the waiting area. | CZ803 | | |
| CZ816 | 408.809(2)(a-c); 59A-35.090(2)(d)-(3) Background Screening-Compliance Attestation<br><br>408.809<br>(2) Every 5 years following his or her licensure, employment, or entry into a contract in a capacity that under subsection (1) would require level 2 background screening under chapter 435, each such person must submit to level 2 background rescreening as a condition of retaining such license or continuing in such employment or contractual status. For any such rescreening, the agency shall request the Department of Law Enforcement to forward the person's fingerprints to the Federal Bureau of Investigation for a national criminal history record check unless the person's fingerprints are enrolled in the Federal Bureau of Investigation's national retained print arrest notification program. If the fingerprints of such a person are not retained by the Department of Law Enforcement under s. 943.05(2)(g) and (h), the person must submit fingerprints electronically to the Department of Law Enforcement for state processing, and the Department of Law Enforcement shall forward the fingerprints to the Federal Bureau of Investigation for a national criminal history record check. The fingerprints shall be retained by the Department of Law Enforcement under s. 943.05(2)(g) and (h) and | CZ816 | | |

Unknown

PRINTED: 11/15/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11673 | A. BUILDING _____<br>B. WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVAR | 2030 SOUTH PATRICK DR<br>INDIAN HARBOR BEACH, FL  32937 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ816 | Continued From page 2<br><br>enrolled in the national retained print arrest notification program when the Department of Law Enforcement begins participation in the program. The cost of the state and national criminal history records checks required by level 2 screening may be borne by the licensee or the person fingerprinted. Until a specified agency is fully implemented in the clearinghouse created under s. 435.12, the agency may accept as satisfying the requirements of this section proof of compliance with level 2 screening standards submitted within the previous 5 years to meet any provider or professional licensure requirements of the agency, the Department of Health, the Department of Elderly Affairs, the Agency for Persons with Disabilities, the Department of Children and Families, or the Department of Financial Services for an applicant for a certificate of authority or provisional certificate of authority to operate a continuing care retirement community under chapter 651, provided that:<br>(a) The screening standards and disqualifying offenses for the prior screening are equivalent to those specified in s. 435.04 and this section,<br>(b) The person subject to screening has not had a break in service from a position that requires level 2 screening for more than 90 days; and<br>(c) Such proof is accompanied, under penalty of perjury, by an attestation of compliance with chapter 435 and this section using forms provided by the agency.<br><br>59A-35.090(2) Processing Screening Requests, Required Documents and Fees.<br>(d) An Attestation of Compliance with Background Screening Requirements, AHCA Form 3100-0008, January 2017, herein incorporated by reference, available at | CZ816 | | |

AHCA Form 3020-0001
STATE FORM                                                    IH99          8LD411                        If continuation sheet  3 of 9

Unknown

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION A. BUILDING _____ B. WING _____ | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | LC11673 | | 10/30/2019 |

NAME OF PROVIDER OR SUPPLIER

**FIRST CHOICE MEDICAL GROUP OF BREVAR**

STREET ADDRESS, CITY, STATE, ZIP CODE
**2030 SOUTH PATRICK DR
INDIAN HARBOR BEACH, FL 32937**

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ816 | Continued From page 3<br><br>http://www.flrules.org/Gateway/reference.asp?No =Ref-09106, and available from the Agency for Health Care Administration at: http://ahca.myflorida.com/MCHQ/Central_Servic es/Background_Screening/Regulations_Forms.s html. This form must be completed by the individual and retained by the provider upon hire to attest that they meet the requirements for qualifying for employment, they have not been unemployed for more than 90 days from a position that requires Level 2 screening, and they agree to inform the employer immediately if arrested for any disqualifying offense.<br>(e) An administrator or chief financial officer must be screened and qualified prior to appointment to the position.<br>(3) Results of Screening and Notification.<br>(a) Final results of background screening requests will be provided through the Agency's secure website that may be accessed by all health care providers applying for or actively licensed through the Agency that are registered with the Care Provider Background Screening Clearinghouse. The secure website is located at apps.ahca.myflorida.com/SingleSignOnPortal.<br>(b) If a Level 2 criminal history is incomplete, a certified letter will be sent to the individual being screened requesting the arrest report and court disposition information. If the letter is returned unclaimed, a copy of the letter will be sent by regular mail. Pursuant to section 435.05(1)(d), F.S., the missing information must be filed with the Agency within 30 days of the Agency's request or the individual is subject to disqualification in accordance with section 435.06(3), F.S.<br>(c) The eligibility results of employee screening and the signed Attestation referenced in subsection 59A-35.090(2), F.A.C., must be in the | CZ816 | | |

AHCA Form 3020-0001
STATE FORM                                    6899        8LD411                    If continuation sheet  4 of 9

Unknown

PRINTED: 11/15/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|
| | LC11673 | A. BUILDING: _____ <br> B. WING _____ | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVAR | 2030 SOUTH PATRICK DR <br> INDIAN HARBOR BEACH, FL 32937 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| CZ816 | Continued From page 4 <br><br> employee's personnel file, maintained by the provider. <br><br><br> This Statute or Rule is not met as evidenced by: <br> Based on interview, the health care clinic failed to have signed Attestations of Compliance with Background Screening Requirements for 11 of 11 employees including the medical director and the administrator (Staff A through Staff K). <br><br> Findings: <br><br> On 10/30/19 beginning at 12:06 PM, employee records were requested from Human Resources located offsite at the main office. <br><br> On 10/30/19 at 1:01 PM, the operations manager provided insurance fraud forms for the attestations of compliance with background screenings for the last medical director and she stated those were the only forms that human resources had. | CZ816 | | |
| U 000 | Initial Comments <br><br> A health care clinic Relicensure survey was conducted on 10/30/2019. First Choice Medical Group of Brevard, LLC, had deficiencies at time of survey. | U 000 | | |
| U 300 | 400.9935(1), F.S., 59A-33.008(1) Medical Director Required <br><br> 400.9935(1), F.S. <br> Each clinic shall appoint a medical director or clinic director who shall agree in writing to accept legal responsibility for the following activities on | U 300 | | |

AHCA Form 3020-0001
STATE FORM                                    6L99          BLD411                    If continuation sheet  5 of 9

Unknown

PRINTED: 11/15/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11673 | A. BUILDING: _____<br><br>B. WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVAR | 2030 SOUTH PATRICK DR<br>INDIAN HARBOR BEACH, FL 32937 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 300 | Continued From page 5<br><br>behalf of the clinic.<br><br>59A-33.008(1), F.A.C.<br>A licensed health care clinic may not operate or be maintained without the day-to-day supervision of a single medical or clinic director as defined in Section 400.9905(5), F.S.<br><br>This Statute or Rule is not met as evidenced by: Based on interview and record review, the health care clinic failed to have a Medical or Clinical Director from October 18, 2019 to October 25, 2019.<br><br>Findings:<br><br>On 10/30/19 at 10:57 AM, the Operations Manager stated the medical director listed on the application was no longer with the company. She stated his last day working at this location was October 18, 2019.<br><br>On 10/30/19 at 11:02 AM, the new Medical Director stated he signed the Medical Director agreement on 10/29/19 at 4:00 PM.<br><br>Review of the new medical director agreement was dated 10/25/19. | U 300 | | |
| U 306 | 400.9935(1)(a), F.S. Clinic Responsibilities-Sign Identify Med Dir<br><br>400.9935(1), F.S.<br>The medical director or the clinic director shall:<br>(a) Have signs identifying the medical director or clinic director posted in a conspicuous location within the clinic readily visible to all patients.<br><br>This Statute or Rule is not met as evidenced by: | U 306 | | |

　　　　　　　　　　　AAP　　　　0LD411　　　　　　If continuation sheet 6 of 6

Unknown

PRINTED: 11/15/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | **LC11573** | A. BUILDING: _____ | | |
| | | B. WING _____ | | **10/30/2019** |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| **FIRST CHOICE MEDICAL GROUP OF BREVAR** | **2030 SOUTH PATRICK DR**<br>**INDIAN HARBOR BEACH, FL 32937** |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 306 | Continued From page 6 | U 306 | | |
| | Based on observation and interview, the sign posted identifying the medical director was not accurate. It listed the last medical director whose last day at the clinic location was October 18, 2019. | | | |
| | Findings: | | | |
| | On 10/30/19 at 11:00 AM, during tour of the clinic, there were 2 signs posted identifying the medical director who was no longer employed at this location. There was no sign posted identifying the current medical director, whose dated medical director agreement started on 10/25/19. | | | |
| | On 10/30/19 at 11:02 AM, the new Medical Director stated he signed the Medical Director agreement on 10/29/19 at 4:00 PM. | | | |
| U 308 | 59A-33.012(3)(r), F.A.C. Clinic Responsibilities-Log of Level 2 Bkgd Ck | U 308 | | |
| | 59A-33.012, F.A.C.<br>(3) To facilitate a licensure survey, the health care clinic shall have the following materials readily available for review at the time of the survey: | | | |
| | (r) Log of all natural persons required and who have been screened under Level 2 criteria of Chapter 435 and Section 400.991, F.S.; | | | |
| | This Statute or Rule is not met as evidenced by:<br>Based on record review and interview, the health care clinic failed to have a complete log of all natural persons required to be screened under level 2 criteria (missing Staff A through Staff C). | | | |

AHCA Form 3020-0001
STATE FORM                                    6699          8LD411                    If continuation sheet 7 of 9

Unknown

PRINTED: 11/15/2019
FORM APPROVED

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|
| | LC11673 | A. BUILDING: _____ B. WING _____ | | 10/30/2019 |

| NAME OF PROVIDER OR SUPPLIER | STREET ADDRESS, CITY, STATE, ZIP CODE |
|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVAR | 2030 SOUTH PATRICK DR INDIAN HARBOR BEACH, FL 32937 |

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 308 | Continued From page 7<br><br>Findings:<br><br>On 10/30/19 at 11:42 AM, the opertions manager validated the log of people required to be screened did not include Staff A, Staff B and Staff C. | U 308 | | |
| U 340 | 59A-33.012(3)(q), F.A.C. Clinic Responsibilities-Record Sign Off<br><br>59A-33.012, F.A.C.<br>(3) To facilitate a licensure survey, the health care clinic shall have the following materials readily available for review at the time of the survey:<br>(q) An all-inclusive and up to date listing of original signatures and initials of all persons entering information on billing and patient records, the printed name and medical designation, if any, such as PA, RN, MD, etc. The log shall be kept and concurrently maintained at the health care clinic. Information required by this rule shall be stored and maintained by the health care clinic for a period of 5 years.<br><br>This Statute or Rule is not met as evidenced by: Based on record review and interview, the health care clinic failed to have an all inclusive up to date listing of original signatures of all persons entering information on billing and patient records for 2 of 11 employees (Staff B and Staff C).<br><br>Findings:<br><br>On 10/30/19 at 11:35 AM, the operations manger validated she was missing signatures and names | U 340 | | |

AHCA Form 3020-0001
STATE FORM                                    6696        8LD411                        If continuation sheet 8 of 9

Unknown

Agency for Health Care Administration

| STATEMENT OF DEFICIENCIES AND PLAN OF CORRECTION | (X1) PROVIDER/SUPPLIER/CLIA IDENTIFICATION NUMBER: | | (X2) MULTIPLE CONSTRUCTION | | (X3) DATE SURVEY COMPLETED |
|---|---|---|---|---|---|
| | LC11673 | | A. BUILDING: _____ B. WING _____ | | 10/30/2019 |

NAME OF PROVIDER OR SUPPLIER

**FIRST CHOICE MEDICAL GROUP OF BREVAR**

STREET ADDRESS, CITY, STATE, ZIP CODE

**2030 SOUTH PATRICK DR
INDIAN HARBOR BEACH, FL 32937**

| (X4) ID PREFIX TAG | SUMMARY STATEMENT OF DEFICIENCIES (EACH DEFICIENCY MUST BE PRECEDED BY FULL REGULATORY OR LSC IDENTIFYING INFORMATION) | ID PREFIX TAG | PROVIDER'S PLAN OF CORRECTION (EACH CORRECTIVE ACTION SHOULD BE CROSS-REFERENCED TO THE APPROPRIATE DEFICIENCY) | (X5) COMPLETE DATE |
|---|---|---|---|---|
| U 340 | Continued From page 8<br><br>for Staff B and Staff C on the log. | U 340 | | |

AHCA Form 3020-0001
STATE FORM                                    0806          8LD411                    If continuation sheet 9 of 9

# MEDICAL DIRECTOR AGREEMENT

This Agreement is made as of the __25th__ day of __October__, 2019 (the "Effective Date"), by and between FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC, a Delaware limited liability company qualified to do business in Florida (the "Company"), and Dominick Paluso, DPT. ("Dr. Paluso").

## WITNESSETH

WHEREAS, Company currently operates a Health Care Clinic as defined in Section 400.9905, Florida Statutes, with offices presently located at Indian River Fitness, Barefoot Bay Medical Park, 8000 Ron Beatty Blvd., Micco, FL 32976 and 2030 S Patrick Dr., Indian Harbour Beach, FL 32937 and Shoppes at Murrell, 5445 Murrell Rd Ste 105, Viera, FL. 32955 and Sykes Creek Professional Center, 255 N. Sykes Creek Pkwy, Merritt Island, FL 32953.

WHEREAS, Dr. Paluso is duly licensed and qualified to practice physical therapy in the State of Florida, is currently is employed under separate agreement with Company as an employed Physical Therapist, and is now in addition willing to serve as the Medical Director of this location to provide certain administrative services and medical direction of services as allowed per his license as a Physical Therapist (collectively the "Services") by and on behalf of the Company pursuant to the terms of this Agreement; and

WHEREAS, Company hereby engages Dr. Paluso to serve as the Medical Director and Dr. Paluso hereby accepts such engagement on the terms and conditions set forth herein, and both parties recognize the terms of this Agreement are separate from Dr. Paluso's employment agreement with Company.

NOW THEREFORE, for and in consideration of the foregoing and the mutual terms, covenants and conditions hereinafter set forth, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the parties hereto and hereby agree as follows:

1.    **Term**.  The Term of this Agreement shall commence as of the Effective Date. This Agreement shall continue until the first (1st) anniversary date thereof and shall be automatically renewed thereafter for successive one (1) year terms, unless sooner terminated as provided in Section 6, or revised upon the mutual consent and agreement of Company and Dr. Paluso.

2.    **Engagement**.  Dr. Paluso is engaged to serve as the Medical Director of the Company as an independent contractor in accordance with the terms of this Agreement. Dr. Paluso shall devote such time and attention to the duties and responsibilities as Medical Director of this location as necessary to comply with applicable laws and regulations. As an independent contractor under this agreement, Dr. Paluso shall not be entitled to any fringe benefits otherwise afforded employees of Company and shall be solely responsible for all expenses incurred in performance of this Agreement and payment of all income and other taxes, licenses and permits.

47327980;1

3. **Duties and Responsibilities.** Dr. Paluso shall act as the Medical Director of this location, in accordance with the duties and responsibilities required by Section 400.9935, Florida Statutes, including, but not limited to, the following:

**Medical Director.**

1. Confirm that this location has signs identifying Dr. Paluso as the Medical Director of Company posted in a conspicuous location.

2. Ensure that all practitioners providing health care services to patients maintain a current active and unencumbered Florida license.

3. Review and approve patient referral contracts or agreements executed by Company.

4. Ensure that all health care practitioners at this location maintain active and appropriate Florida licenses, have appropriate certifications and accreditation, training, and experience to provide the professional services rendered by or on behalf of Company.

5. Serve as Company records owner, as defined in Section 456.057, Florida Statutes.

6. Ensure compliance with the recordkeeping, office surgery, and adverse incident reporting requirements of Chapter 456, Florida Statutes, the respective practice acts, and rules adopted under this part.

7. Conduct systematic reviews of Company billings, in cooperation with Company personnel, to ensure that the billings are not fraudulent or unlawful. Upon discovery of an inappropriate or unlawful charge, Dr. Paluso shall take immediate corrective action.

**Insurance.** During the term of this Agreement, Company shall maintain, professional liability insurance for services provided by Dr. Paluso under this Agreement with limits of coverage of not less than $250,000 per claim/$750,000 annual aggregate issued by an insurer acceptable, in its sole discretion, to Company. Said policy shall insure the provision of Professional Services by the Physical Therapist that occur pursuant to and during the Term of this Agreement or meet such other financial responsibility alternatives as permitted by Section 458.320, Florida Statutes, and provide evidence thereof.

5.    Compensation.

Dr. Paluso responsibilities as Medical Director in accordance with this Agreement will require a regular commitment of professional time and attention on the part of Dr. Paluso. The performance of such services is required to maintain an appropriate level of performance in the technical provision of professional services and will fulfill applicable requirements of the Florida Health Care Clinic Act and its regulations as well as to the Medicare supervision requirements applicable to Independent Diagnostic Treatment Facilities in the operation of Company. Accordingly, during the term of this Agreement and any renewals thereof, Company will pay Dr. Paluso One Hundred Fifty and NO/100 ($150.00) per hour for the provision of Services as Medical Director, as set forth herein. Such payment shall not be subject to withholding taxes and assessments.

6.    Termination.

A.    Notwithstanding any provisions of this Agreement to the contrary, either party may terminate this Agreement at any time during the term of this Agreement by providing to the other party not less than sixty (60) days advance written notice.

B.    Company shall have the right to terminate this Agreement immediately and without prior notice for "cause". The following events constitute "cause" for which Dr. Paluso may be immediately terminated: (i) if Dr. Paluso's license to practice physical therapy is suspended, restricted or revoked by the State of Florida Board of Medicine or that of any other state; (ii) if Dr. Paluso is convicted of a felony or commits an act involving moral turpitude, financial malfeasance, or any criminal offense; (iii) if Dr. Paluso is suspended, excluded, or debarred from participation in Medicare, Medicaid, or any other federal or state health benefit program or from participating in any government procurement program; or (iv) if Dr. Paluso breaches this Agreement and fails to cure the breach within ten (10) days after receipt of notice from Company.

C.    If Dr. Paluso's engagement is terminated for any reason, Company's only obligation is to compensate Dr. Paluso for Services rendered and amounts accrued and unpaid as of the effective date of termination pro-rated at the rate set forth in Section 5 hereof.

D.    Dr. Paluso shall have the right to terminate this Agreement immediately for "cause". The following events constitute "cause" for which Dr. Paluso may immediately terminate this Agreement: (i) upon revocation of Company's Health Care Clinic license; (ii) Company, or any of its current owners, officers, or directors is convicted of a felony related to Company; or (iii) Company is suspended, excluded or debarred from participation in the Medicare, Medicaid, or any other federal or state health benefit program or from participating in any government procurement program.

47327980;1

7.  **Representations and Warranties:**

A.  Dr. Paluso represents, warrants, and covenants that he is, and at all times during the term of this Agreement, will be, duly qualified to practice physical therapy, under the laws of Florida.

B.  Dr. Paluso represents, warrants, and covenants that he is not excluded, debarred, or suspended from participation in Medicare, Medicaid or other federal or state health benefit program. Dr. Paluso will notify Company immediately if Dr. Paluso is excluded, debarred or suspended from any of the foregoing federal or state health benefit programs.

C.  Dr. Paluso represents, warrants, and covenants that he shall conform to all lawful directives issued from time to time by Company.

D.  Dr. Paluso represents, warrants, and covenants that he shall adhere to all applicable Medicare and Medicaid laws and regulations, third party payor regulations, and Florida laws with regard to billing and coding practices and maintain current knowledge of billing and coding requirements as they apply to the practice of Company, as required to meet the foregoing obligations.

E.  Company and Dr. Paluso represent and warrant that to the best of its and his knowledge and belief:

1.  The compensation for Services rendered hereunder is commercially reasonable, consistent with fair market value, and not determined in a manner that takes into account the volume or value of any referrals or other business generated, if any, between the parties.

2.  No amount paid hereunder is intended to be, nor shall be construed as, an inducement or payment for referral of or recommending referral of, patients by either party to the other. Notwithstanding any unintended consequence to the contrary, there is no obligation of the parties to refer patients or order goods or services from the other.

3.  The Services to be performed by Dr. Paluso under this Agreement do not involve the counseling or promotion of a business arrangement that violates any state or federal law.

4.  This Agreement describes all of the services to be provided by, through or on behalf of Dr. Paluso in his role as Medical Director,

and all such services are reasonable and necessary for the legitimate business purposes of Company.

F.    Company represents and warrants that:

1.    It shall maintain and store medical records in accordance with applicable state and federal laws at Company's expense.

2.    Company shall maintain its Health Care Clinic license as required by Florida law.

3.    Company shall abide by all applicable federal and state laws.

This Agreement shall be contingent upon the parties' compliance with the representations and warranties set forth herein. A failure to meet such conditions at any time during the term of this Agreement shall constitute a material breach, terminable by the non-breaching party upon not less than fifteen (15) days' advance notice to the other.

8.    **Confidentiality; Confidential Information**

A.    Dr. Paluso acknowledges that, as a result of this Agreement, Dr. Paluso may become informed of, and have access to, valuable and confidential information of Company, including, without limitation, patient information, pricing information, contracts and agreements, referral sources, fees, budgets, charges, protocols, policies, staffing, business planning and strategies, and advantageous business relationships ("Confidential Information"). Accordingly, except as required by law, Dr. Paluso will not, at any time, either during or subsequent to the Term, use, reveal, report, publish, copy, transcribe, transfer, or otherwise disclose to any person, corporation, or other entity, any of the Confidential Information without the prior written consent of Company, with the exception of disclosure to state licensing agencies, appropriate accrediting bodies, and other responsible persons who are in a contractual or fiduciary relationship with Dr. Paluso and who have agreed not to further disclose the Confidential Information. Dr. Paluso's obligations and agreements under this Section shall not apply to any Confidential Information that: (i) was known to Dr. Paluso prior to the disclosure by Company, (ii) is or becomes generally available to the public other than by breach of this Agreement, or (iii) otherwise becomes lawfully available on a non-confidential basis from a third party who is not under an obligation of confidence to Company.

B.    The parties shall protect the confidentiality and security of all Confidential Information including, without limitation, protected health information, in accordance with the Health Insurance Portability and Accountability Act of 1996, and the rules and regulations promulgated pursuant thereto

including, without limitation, the Privacy Rule, the Security Rule, the Data Breach Provisions of the HITECH Act (collectively referred to as "HIPAA"), the Florida Information Privacy Act, and other applicable federal and state data privacy and security laws. For purposes of this engagement and for HIPAA compliance, Dr. Paluso shall be considered a workforce member of Company. Dr. Paluso shall undergo such training and shall agree to enter into a business associate, if requested by Company, to ensure compliance with HIPAA.

C.   The obligations under this Section shall survive termination or non-renewal of the Agreement.

9.   Records Owner.  As set forth in Section 3(A)(5) and as required by Section 400.9935(1)(f) of the Florida Statutes, during the Term of this Agreement, Dr. Paluso shall serve as Company patient records owner of this location, as required by the Florida Health Care Clinic Act.  Dr. Paluso's term as Company records owner shall terminate upon expiration or termination, for any reason, of this Agreement. The parties hereby expressly agree that upon any such expiration or termination, the ownership of Company's records shall transfer automatically to the successor medical director employed or engaged by Company, at Company's sole discretion.  Furthermore, notwithstanding anything in this Section 9, the parties expressly agree that Company shall be and remain, at all times, the sole custodian of all clinical patient records and shall maintain such patient records in accordance with the Health Insurance Portability and Accountability Act of 1996.

10.   Governing Law and Venue.  This Agreement will be governed by and construed in accordance with the laws of the State of Florida.  In the event of any litigation arising from this Agreement, the parties agree that the state court forum for said litigation shall be in Brevard County, Florida, in the court of appropriate jurisdiction, and that the federal court jurisdiction shall be in the U.S. District Court for the Middle District of Florida, in Orange County, Florida.

11.   Counterparts.  This Agreement will become effective only upon execution by the parties.  This Agreement may be executed in counterparts, each signature page of which when combined with the other signature page shall constitute one Agreement enforceable against each party in accordance with its terms.

12.   Assignment.  The Company may assign this Agreement to a related party or affiliate. Dr. Paluso may not assign this Agreement without the written consent of the Company. This Agreement is binding on and inures to the benefit of the parties hereto and their respective successors.

13.   Notice.  All notices, requests, demands and other communications under this Agreement will be deemed to have been duly given: (i) when personally delivered by hand; (ii) three (3) days after depositing with the U.S. Postal Service, postage prepaid, return receipt requested; (iii) one (1) day after being forwarded via a national overnight courier service (e.g. FedEx, UPS, DHL, etc.); or (iv) the following day after being forwarded via electronic mail or

47327980;1

facsimile, to the last known address of record of the party, with confirmation of receipt, as follows:

| | |
|---|---|
| To Dr. Paluso: | Dominick Paluso, DPT |
| To the Company: | First Choice Medical Group of Brevard, LLC<br>709 South Harbor City Blvd., Suite 100<br>Melbourne, Florida 32901 |
| With a copy to: | Robert E. Slavkin<br>Akerman, LLP<br>420 S. Orange Avenue, Suite 1200<br>Orlando, FL 32801 |

Either party may change its respective address and contact information by providing notice to the other in accordance with the provisions of this Section 13.

14.    **Entire Agreement**. This Agreement contains the entire agreement of the parties regarding the engagement of Dr. Paluso and supersedes all prior agreements, whether written or oral, with respect to the Medical Director Services of this location. It may not be changed orally, but only by an agreement in writing signed by the party against whom any waiver, change, modification or discharge is sought.

15.    **Partial Invalidity**. If any one or more of the provisions of this Agreement shall be held invalid or unenforceable under state or federal laws governing relationships, activities or arrangements between healthcare providers, then the parties agree to revise the terms of this Agreement to comply with such laws as may be enacted, amended, or interpreted from time to time. In the event either party shall be prohibited by a change in applicable law or a change in interpretation by a court of law or government agency of competent jurisdiction from performing its respective duties and obligations set forth herein, such party shall notify the other party of the specific basis and such party's intent to terminate this Agreement. The parties shall negotiate in good faith to attempt to resolve the issue. In the event such good faith negotiations are unsuccessful, either party may terminate this Agreement by providing notice to the other party in accordance with Section 13.

47327980;1

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement as of the Effective Date.

**First Choice Medical Group of Brevard, LLC**

By: _____
Phillip Keller, **Interim CEO and CFO**

**MEDICAL DIRECTOR – Micco, Viera, Indian Harbour** and Merritt Island locations

By: _____
Dominick Paluso, DPT

Page 8



709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901
321.725.2225







CONTINUOUS COMMITMENT TO ORTHOPAEDIC
EXCELLENCE AND COMPASSIONATE CARE





**Agency for Health Care Administration**

Provider Name:
Printed by: Kristen Basser ...
License Number:

# Background Screening Result

This individual's eligibility status as of 10/30/2019 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| CAYLEY HAMMOND | XXX-XX-6184 | 12/31/1997 | WHITE | FEMALE |

**Retained Prints Expiration Date: 10/14/2024**
**Clearinghouse Screening Available?: Yes**

### Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 10/28/2019 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 10/28/2019 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 10/28/2019 |

**Employment History** (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| | Employee or Staff Person | 01/02/2018 | |

11/2/2018                              AHCA BGS - Background Screening Result

Provider Name:
Printed by: Kristen Bassett Jones
License Number:

**Agency for Health Care Administration**

# Background Screening Result

This individual's eligibility status as of 11/2/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| CHRISTINA MOORE | XXX-XX-8205 | 7/15/1983 | WHITE | FEMALE |

**Retained Prints Expiration Date: 2/8/2023**
**Clearinghouse Screening Available?: Yes**

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 2/22/2018 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 2/22/2018 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 2/22/2018 |

**Employment History** (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 10/24/2016 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 10/24/2016 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 10/24/2016 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 10/24/2016 | |

**Print Event: 12582677**                                              **Print Date: 11/2/2018**

AHCA BGS - Background Screening Result



**Printed by:** Kristen Bassett Jones
Provider Name:
License Number:

**Agency for Health Care Administration**

# Background Screening Result

This individual's eligibility status as of 11/5/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| PAMELA VIARENGO | XXX-XX-0767 | 11/28/1959 | WHITE | FEMALE |

**Retained Prints Expiration Date:** 3/29/2023
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 4/12/2018 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 4/12/2018 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 4/12/2018 |

## Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST ASSISTANT | 1165 | 12/9/1985 | 11/30/2019 | CLEAR |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| | Employee or Contracted Staff Person | 03/01/2013 | |

**Print Event:** 10292426

**Print Date:** 11/5/2018



**Agency for Health Care
Administration**

# Background Screening Result

This individual's eligibility status as of 11/2/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| DOMINICK V PALUSO | XXX-XX-0945 | 5/6/1983 | WHITE | MALE |

**Retained Prints Expiration Date:** 3/9/2022
**Clearinghouse Screening Available?:** Yes

### Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 3/23/2017 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 3/23/2017 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 3/23/2017 |

### Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST | 27982 | 11/28/2012 | 11/30/2019 | CLEAR |

### Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/29/2017 | |

**Print Event:** 171664212                                    **Print Date:** 11/2/2018



**Agency for Health Care Administration**

Provider Name:<br>
Printed by: Kristen Bassett Jones<br>
License Number:

# Background Screening Result

This individual's eligibility status as of 11/1/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| MARK DAVID ALBRECHT | XXX-XX-9043 | 1/30/1967 | WHITE | MALE |

**Retained Prints Expiration Date:** 8/25/2019
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 5/10/2016 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 5/10/2016 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 5/10/2016 |

### Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| MASSAGE THERAPIST | 30564 | 2/1/2000 | 8/31/2019 | CLEAR |
| PHYSICAL THERAPIST ASSISTANT | 16081 | 10/22/1997 | 11/30/2019 | CLEAR |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/27/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/27/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/27/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 03/02/2017 | |
| | Physical Therapist / Occupational Therapist / Respiratory Therapist / Speech Therapist | 08/10/2016 | 12/14/2016 |

**Print Event:** 14923975

**Print Date:** 11/1/2018



**Provider Name:**
**Printed by:** Kristen Bassett Jones
**License Number:**

## Background Screening Result

**Agency for Health Care Administration**

This individual's eligibility status as of 11/5/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| JANET WOMACK | XXX-XX-3070 | 4/30/1962 | WHITE | FEMALE |

**Retained Prints Expiration Date:** 6/3/2021
**Clearinghouse Screening Available?:** Yes

### Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 6/17/2016 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 6/17/2016 |
| Position | Medicaid Provider Enrollment | Eligible | 6/17/2016 |
| Position | AHCA Provider/Facility Licensure | Eligible | 6/17/2016 |

### Department of Health Licensure Status (As reported by the DOH Medical Quality Assurance Licensure system)

| Profession | License # | Original Date | Expiration Date | License Status |
|---|---|---|---|---|
| PHYSICAL THERAPIST | 18113 | 3/17/1999 | 11/30/2019 | CLEAR |

### Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| | Physical Therapist / Occupational Therapist / Respiratory Therapist / Speech Therapist | 02/01/2001 | 06/01/2018 |

**Print Event:** 12575272

**Print Date:** 11/5/2018

AHCA BGS - Background Screening Result



**Provider Name:**
**Printed by:** Kristen Bassett Jones
**License Number:**

**Agency for Health Care Administration**

# Background Screening Result

This individual's eligibility status as of 11/1/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| CHRISTIE FOSTER | XXX-XX-7520 | 5/25/1975 | WHITE | FEMALE |

**Retained Prints Expiration Date:** 3/14/2021
**Clearinghouse Screening Available?:** Yes

## Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 3/28/2016 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 3/28/2016 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 3/28/2016 |

## Employment History (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 12/04/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 12/04/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 12/04/2017 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 12/04/2017 | |
| | Employee or Contracted Staff Person | 04/25/2016 | 09/01/2017 |
| | Other | 03/26/2012 | 04/16/2016 |

**Print Event:** 12475456

**Print Date:** 11/1/2018



Provider Name:
Printed by: Kristen Bassett Jones
License Number:

# Background Screening Result

**Agency for Health Care Administration**

This individual's eligibility status as of 11/2/2018 is provided below. The employer must retain a hard copy of this result in the individual's employee file. If we become aware of a change in an individual's eligibility status, an email notification will be sent to the most recent employer of record in the Clearinghouse or the last provider to submit a screening request through the Clearinghouse. It is recommended health care and/or service provider employers check the screening results of staff regularly as an individual's status may change based on information received. If you become aware of an event that may change the employee's eligibility please contact your specified agency, Agency for Health Care Administration, at 850-412-4503. The employer must take the appropriate action when a change in status occurs in accordance with Section 435.06, Florida Statutes.

| Applicant Name: | SSN: | Date of Birth: | Race: | Sex: |
|---|---|---|---|---|
| ELIZABETH LUCY | XXX-XX-9592 | 2/20/1976 | WHITE | FEMALE |

**Retained Prints Expiration Date: 11/22/2021**
**Clearinghouse Screening Available?: Yes**

### Agency for Health Care Administration Eligibility

| Type | Item | Status | Eligibility Determination Date |
|---|---|---|---|
| Employment | Medicaid / Medicare Participating Provider | Eligible | 12/9/2016 |
| Employment | Non-Medicaid / Medicare Participating Provider | Eligible | 12/9/2016 |
| Position | Medicaid Provider Enrollment | Agency Review Required | |
| Position | AHCA Provider/Facility Licensure | Eligible | 12/9/2016 |

**Employment History** (as reported to Florida's Background Screening Clearinghouse by provider employers.)

| Provider | Position | Hire Date | End Date |
|---|---|---|---|
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 12/12/2016 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 12/12/2016 | |
| FIRST CHOICE MEDICAL GROUP OF BREVARD LLC | Employee or Contracted Staff Person | 12/12/2016 | |

**Print Event: 161580434**

**Print Date: 11/2/2018**



**AFFIDAVIT OF COMPLIANCE WITH Background Screening Requirements**

FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION

**Authority:** This form may be used by **all employees** to comply with:

- the attestation requirements of **section 435.05(2), Florida Statutes**, which state that every employee required to undergo Level 2 background screening must attest, subject to penalty of perjury, to meeting the requirements for qualifying for employment pursuant to this chapter and agreeing to inform the employer immediately if arrested for any of the disqualifying offenses while employed by the employer; **AND**

- the proof of screening within the previous 5 years in **section 408.809(2), Florida Statutes** which requires proof of compliance with level 2 screening standards submitted within the previous 5 years to meet any provider or professional licensure requirements of the Agency, the Department of Health, the Agency for Persons with Disabilities, the Department of Children and Family Services, or the Department of Financial Services for an applicant for a certificate of authority or provisional certificate of authority to operate a continuing care retirement community under chapter 651 if the person has not been unemployed for more than 90 days.

*This form must be maintained in the employee's personnel file.* If this form is used as proof of screening for an administrator or chief financial officer to satisfy the requirements of an **application for a health care provider license**, please attach a copy of the screening results and submit with the licensure application.

| | |
|---|---|
| **Employee/Contractor Name:** | Amanda Cereghino |
| **Health Care Provider/ Employer Name:** | |
| **Address of Health Care Provider:** | |

I hereby attest to meeting the requirements for employment and that I have not been arrested for or been found guilty of, regardless of adjudication, or entered a plea of nolo contendere, or guilty to any offense, or have an arrest awaiting a final disposition prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction:

Criminal offenses found in section 435.04, F.S

a) Section 393.135, relating to sexual misconduct with certain developmentally disabled clients and reporting of such sexual misconduct.

,(b) Section 394.4593, relating to sexual misconduct with certain mental health patients and reporting of such sexual misconduct.

(c) Section 415.111, relating to adult abuse, neglect, or exploitation of aged persons or disabled adults.

(d) Section 782.04, relating to murder.

(e) Section 782.07, relating to manslaughter, aggravated manslaughter of an elderly person or disabled adult, or aggravated manslaughter of a child.

(f) Section 782.071, relating to vehicular homicide.

(g) Section 782.09, relating to killing of an unborn quick child by injury to the mother.

(h) Chapter 784, relating to assault, battery, and culpable negligence, if the offense was a felony.

(i) Section 784.011, relating to assault, if the victim of the offense was a minor.

(j) Section 784.03, relating to battery, if the victim of the offense was a minor.

(k) Section 787.01, relating to kidnapping.

(l) Section 787.02, relating to false imprisonment.

(m) Section 787.025, relating to luring or enticing a child.



## PRIVACY POLICY ACKNOWLEDGEMENT FORM

I acknowledge that I have received a copy of the privacy policies from the Florida Department of Law Enforcement and the Federal Bureau of Investigation, which describe the exchange of information where criminal record results will become part of the Care Provider Background Screening Clearinghouse.

I understand and agree that I will read and comply with the guidelines contained in the privacy policies.

_Amanda Cereghino_

Employee/Contractor Name (Printed)

_Amanda Cereghino_

Employee/Contractor Signature

_2/19/18_

Date

(n) Section 787.04(2), relating to taking, enticing, or removing a child beyond the state limits with criminal intent pending custody proceedings.

(o) Section 787.04(3), relating to carrying a child beyond the state lines with criminal intent to avoid producing a child at a custody hearing or delivering the child to the designated person.

(p) Section 790.115(1), relating to exhibiting firearms or weapons within 1,000 feet of a school.

(q) Section 790.115(2)(b), relating to possessing an electric weapon or device, destructive device, or other weapon on school property.

(r) Section 794.011, relating to sexual battery.

(s) Former s. 794.041, relating to prohibited acts of persons in familial or custodial authority.

(t) Section 794.05, relating to unlawful sexual activity with certain minors.

(u) Chapter 796, relating to prostitution.

(v) Section 798.02, relating to lewd and lascivious behavior.

(w) Chapter 800, relating to lewdness and indecent exposure.

(x) Section 806.01, relating to arson.

(y) Section 810.02, relating to burglary.

(z) Section 810.14, relating to voyeurism, if the offense is a felony.

(aa) Section 810.145, relating to video voyeurism, if the offense is a felony.

(bb) Chapter 812, relating to theft, robbery, and related crimes, if the offense is a felony.

(cc) Section 817.563, relating to fraudulent sale of controlled substances, only if the offense was a felony.

(dd) Section 825.102, relating to abuse, aggravated abuse, or neglect of an elderly person or disabled adult.

(ee) Section 825.1025, relating to lewd or lascivious offenses committed upon or in the presence of an elderly person or disabled adult.

(ff) Section 825.103, relating to exploitation of an elderly person or disabled adult, if the offense was a felony.

(gg) Section 826.04, relating to incest.

(hh) Section 827.03, relating to child abuse, aggravated child abuse, or neglect of a child.

(ii) Section 827.04, relating to contributing to the delinquency or dependency of a child.

(jj) Former s. 827.05, relating to negligent treatment of children.

(kk) Section 827.071, relating to sexual performance by a child.

(ll) Section 843.01, relating to resisting arrest with violence.

(mm) Section 843.025, relating to depriving a law enforcement, correctional, or correctional probation officer means of protection or communication.

(nn) Section 843.12, relating to aiding in an escape.

(oo) Section 843.13, relating to aiding in the escape of juvenile inmates in correctional institutions.

(pp) Chapter 847, relating to obscene literature.

(qq) Section 874.05(1), relating to encouraging or recruiting another to join a criminal gang.

(rr) Chapter 893, relating to drug abuse prevention and control, only if the offense was a felony or if any other person involved in the offense was a minor.

(ss) Section 916.1075, relating to sexual misconduct with certain forensic clients and reporting of such sexual misconduct.

(tt) Section 944.35(3), relating to inflicting cruel or inhuman treatment on an inmate resulting in great bodily harm.

(uu) Section 944.40, relating to escape.

(vv) Section 944.46, relating to harboring, concealing, or aiding an escaped prisoner.

(ww) Section 944.47, relating to introduction of contraband into a correctional facility.

(xx) Section 985.701, relating to sexual misconduct in juvenile justice programs.

(yy) Section 985.711, relating to contraband introduced into detention facilities.

(3) The security background investigations under this section must ensure that no person subject to this section has been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense that constitutes domestic violence as defined in s. 741.28, whether such act was committed in this state or in another jurisdiction.

**Criminal offenses found in section 408.809(4), F.S**

(a) Any authorizing statutes, if the offense was a felony.

(b) This chapter, if the offense was a felony.

(c) Section 409.920, relating to Medicaid provider fraud.

(d) Section 409.9201, relating to Medicaid fraud.

(e) Section 741.28, relating to domestic violence.

(f) Section 817.034, relating to fraudulent acts through mail, wire, radio, electromagnetic, photoelectronic, or photooptical systems.

(g) Section 817.234, relating to false and fraudulent insurance claims.

(h) Section 817.505, relating to patient brokering.

(i) Section 817.568, relating to criminal use of personal identification information.

(j) Section 817.60, relating to obtaining a credit card through fraudulent means.

(k) Section 817.61, relating to fraudulent use of credit cards, if the offense was a felony.

(l) Section 831.01, relating to forgery.

(m) Section 831.02, relating to uttering forged instruments.

(n) Section 831.07, relating to forging bank bills, checks, drafts, or promissory notes.

(o) Section 831.09, relating to uttering forged bank bills, checks, drafts, or promissory notes.

(p) Section 831.30, relating to fraud in obtaining medicinal drugs.

(q) Section 831.31, relating to the sale, manufacture, delivery, or possession with the intent to sell, manufacture, or deliver any counterfeit controlled substance, if the offense was a felony.

---

If you are also using this form to provide evidence of prior Level 2 screening (fingerprinting) in the last 5 years and have not been unemployed for more than 90 days, please provide the following information. **A copy of the prior screening results must be attached.**

Purpose of Prior Screening:_____

Screened conducted by:                    Date of Prior Screening: _____

☐ Agency for Health Care Administration
☐ Department of Health
☐ Agency for Persons with Disabilities
☐ Department of Children and Family Services
☐ Department of Financial Services

---

## Affidavit

Under penalty of perjury, I, Amanda Cereghino_____, hereby swear or affirm that I meet the requirements for qualifying for employment in regards to the background screening standards set forth in Chapter 435 and section 408.809, F.S. In addition, I agree to immediately inform my employer if arrested or convicted of any of the disqualifying offenses while employed by any health care provider licensed pursuant to Chapter 408, Part II F.S.

_Amanda Cereghino_____          _____          2/19/18____
Employee/Contractor Signature                    Title                      Date



# AFFIDAVIT OF COMPLIANCE WITH
## Background Screening
## Requirements

**Authority:** This form may be used by **all employees** to comply with:

- the attestation requirements of **section 435.05(2), Florida Statutes,** which state that every employee required to undergo Level 2 background screening must attest, subject to penalty of perjury, to meeting the requirements for qualifying for employment pursuant to this chapter and agreeing to inform the employer immediately if arrested for any of the disqualifying offenses while employed by the employer; **AND**

- the proof of screening within the previous 5 years in **section 408.809(2), Florida Statutes** which requires proof of compliance with level 2 screening standards submitted within the previous 5 years to meet any provider or professional licensure requirements of the Agency, the Department of Health, the Agency for Persons with Disabilities, the Department of Children and Family Services, or the Department of Financial Services for an applicant for a certificate of authority or provisional certificate of authority to operate a continuing care retirement community under chapter 651 if the person has not been unemployed for more than 90 days.

***This form must be maintained in the employee's personnel file.*** If this form is used as proof of screening for an administrator or chief financial officer to satisfy the requirements of an **application for a health care provider license**, please attach a copy of the screening results and submit with the licensure application.

| | |
|---|---|
| **Employee/Contractor Name:** | Dominick Paluso |
| **Health Care Provider/ Employer Name:** | First Choice Medical Group of Brevard, LLC |
| **Address of Health Care Provider:** | 709 S. Harbor City Blvd, Ste 100, Melbourne, FL 32901 |

I hereby attest to meeting the requirements for employment and that I have not been arrested for or been found guilty of, regardless of adjudication, or entered a plea of nolo contendere, or guilty to any offense, or have an arrest awaiting a final disposition prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction:

**Criminal offenses found in section 435.04, F.S**

a) Section 393.135, relating to sexual misconduct with certain developmentally disabled clients and reporting of such sexual misconduct.

(b) Section 394.4593, relating to sexual misconduct with certain mental health patients and reporting of such sexual misconduct.

(c) Section 415.111, relating to adult abuse, neglect, or exploitation of aged persons or disabled adults.

(d) Section 782.04, relating to murder.

(e) Section 782.07, relating to manslaughter, aggravated manslaughter of an elderly person or disabled adult, or aggravated manslaughter of a child.

(f) Section 782.071, relating to vehicular homicide.

(g) Section 782.09, relating to killing of an unborn quick child by injury to the mother.

(h) Chapter 784, relating to assault, battery, and culpable negligence, if the offense was a felony.

(i) Section 784.011, relating to assault, if the victim of the offense was a minor.

(j) Section 784.03, relating to battery, if the victim of the offense was a minor.

(k) Section 787.01, relating to kidnapping.

(l) Section 787.02, relating to false imprisonment.

(m) Section 787.025, relating to luring or enticing a child.

(n) Section 787.04(2), relating to taking, enticing, or removing a child beyond the state limits with criminal intent pending custody proceedings.

(o) Section 787.04(3), relating to carrying a child beyond the state lines with criminal intent to avoid producing a child at a custody hearing or delivering the child to the designated person.

(p) Section 790.115(1), relating to exhibiting firearms or weapons within 1,000 feet of a school.

(q) Section 790.115(2)(b), relating to possessing an electric weapon or device, destructive device, or other weapon on school property.

(r) Section 794.011, relating to sexual battery.

(s) Former s. 794.041, relating to prohibited acts of persons in familial or custodial authority.

(t) Section 794.05, relating to unlawful sexual activity with certain minors.

(u) Chapter 796, relating to prostitution.

(v) Section 798.02, relating to lewd and lascivious behavior.

(w) Chapter 800, relating to lewdness and indecent exposure.

(x) Section 806.01, relating to arson.

(y) Section 810.02, relating to burglary.

(z) Section 810.14, relating to voyeurism, if the offense is a felony.

(aa) Section 810.145, relating to video voyeurism, if the offense is a felony.

(bb) Chapter 812, relating to theft, robbery, and related crimes, if the offense is a felony.

(cc) Section 817.563, relating to fraudulent sale of controlled substances, only if the offense was a felony.

(dd) Section 825.102, relating to abuse, aggravated abuse, or neglect of an elderly person or disabled adult.

(ee) Section 825.1025, relating to lewd or lascivious offenses committed upon or in the presence of an elderly person or disabled adult.

(ff) Section 825.103, relating to exploitation of an elderly person or disabled adult, if the offense was a felony.

(gg) Section 826.04, relating to incest.

(hh) Section 827.03, relating to child abuse, aggravated child abuse, or neglect of a child.

(ii) Section 827.04, relating to contributing to the delinquency or dependency of a child.

(jj) Former s. 827.05, relating to negligent treatment of children.

(kk) Section 827.071, relating to sexual performance by a child.

(ll) Section 843.01, relating to resisting arrest with violence.

(mm) Section 843.025, relating to depriving a law enforcement, correctional, or correctional probation officer means of protection or communication.

(nn) Section 843.12, relating to aiding in an escape.

(oo) Section 843.13, relating to aiding in the escape of juvenile inmates in correctional institutions.

(pp) Chapter 847, relating to obscene literature.

(qq) Section 874.05(1), relating to encouraging or recruiting another to join a criminal gang.

(rr) Chapter 893, relating to drug abuse prevention and control, only if the offense was a felony or if any other person involved in the offense was a minor.

(ss) Section 916.1075, relating to sexual misconduct with certain forensic clients and reporting of such sexual misconduct.

(tt) Section 944.35(3), relating to inflicting cruel or inhuman treatment on an inmate resulting in great bodily harm.

(uu) Section 944.40, relating to escape.

(vv) Section 944.46, relating to harboring, concealing, or aiding an escaped prisoner.

(ww) Section 944.47, relating to introduction of contraband into a correctional facility.

(xx) Section 985.701, relating to sexual misconduct in juvenile justice programs.

(yy) Section 985.711, relating to contraband introduced into detention facilities.

(3) The security background investigations under this section must ensure that no person subject to this section has been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense that constitutes domestic violence as defined in s. 741.28, whether such act was committed in this state or in another jurisdiction.

Criminal offenses found in section 408.809(4), F.S

(a) Any authorizing statutes, if the offense was a felony.

(b)  This chapter, if the offense was a felony.

(c)  Section 409.920, relating to Medicaid provider fraud.

(d)  Section 409.9201, relating to Medicaid fraud.

(e)  Section 741.28, relating to domestic violence.

(f)  Section 817.034, relating to fraudulent acts through mail, wire, radio, electromagnetic, photoelectronic, or photooptical systems.

(g)  Section 817.234, relating to false and fraudulent insurance claims.

(h)  Section 817.505, relating to patient brokering.

(i)  Section 817.568, relating to criminal use of personal identification information.

(j)  Section 817.60, relating to obtaining a credit card through fraudulent means.

(k)  Section 817.61, relating to fraudulent use of credit cards, if the offense was a felony.

(l)  Section 831.01, relating to forgery.

(m)  Section 831.02, relating to uttering forged instruments.

(n)  Section 831.07, relating to forging bank bills, checks, drafts, or promissory notes.

(o)  Section 831.09, relating to uttering forged bank bills, checks, drafts, or promissory notes.

(p)  Section 831.30, relating to fraud in obtaining medicinal drugs.

(q)  Section 831.31, relating to the sale, manufacture, delivery, or possession with the intent to sell, manufacture, or deliver any counterfeit controlled substance, if the offense was a felony.

---

If you are also using this form to provide evidence of prior Level 2 screening (fingerprinting) in the last 5 years **and** have not been unemployed for more than 90 days, please provide the following information.  **A copy of the prior screening results must be attached.**

Purpose of Prior Screening:_____

Screened conducted by:                         Date of Prior Screening: _____

☐ Agency for Health Care Administration
☐ Department of Health
☐ Agency for Persons with Disabilities
☐ Department of Children and Family Services
☐ Department of Financial Services

---

## Affidavit

Under penalty of perjury, I, _Dominick Paluso_ , hereby swear or affirm that I meet the requirements for qualifying for employment in regards to the background screening standards set forth in Chapter 435 and section 408.809, F.S.  In addition, I agree to immediately inform my employer if arrested or convicted of any of the disqualifying offenses while employed by any health care provider licensed pursuant to Chapter 408, Part II F.S.

_____   _Physical Therapist_   _8/29/17_
Employee/Contractor Signature              Title                Date



# AFFIDAVIT OF COMPLIANCE WITH
## Background Screening
### Requirements

**Authority:** This form may be used by **all employees** to comply with:

- the attestation requirements of **section 435.05(2), Florida Statutes**, which state that every employee required to undergo Level 2 background screening must attest, subject to penalty of perjury, to meeting the requirements for qualifying for employment pursuant to this chapter and agreeing to inform the employer immediately if arrested for any of the disqualifying offenses while employed by the employer; **AND**

- the proof of screening within the previous 5 years in **section 408.809(2), Florida Statutes** which requires proof of compliance with level 2 screening standards submitted within the previous 5 years to meet any provider or professional licensure requirements of the Agency, the Department of Health, the Agency for Persons with Disabilities, the Department of Children and Family Services, or the Department of Financial Services for an applicant for a certificate of authority or provisional certificate of authority to operate a continuing care retirement community under chapter 651 if the person has not been unemployed for more than 90 days.

*This form must be maintained in the employee's personnel file.* If this form is used as proof of screening for an administrator or chief financial officer to satisfy the requirements of an **application for a health care provider license**, please attach a copy of the screening results and submit with the licensure application.

| | |
|---|---|
| **Employee/Contractor Name:** | Chelsea Engelhardt |
| **Health Care Provider/ Employer Name:** | First Choice Medical Group of Brevard, LLC |
| **Address of Health Care Provider:** | 709 S. Harbor City Blvd, Ste 100, Melbourne, FL 32901 |

I hereby attest to meeting the requirements for employment and that I have not been arrested for or been found guilty of, regardless of adjudication, or entered a plea of nolo contendere, or guilty to any offense, or have an arrest awaiting a final disposition prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction:

**Criminal offenses found in section 435.04, F.S**

a) Section 393.135, relating to sexual misconduct with certain developmentally disabled clients and reporting of such sexual misconduct.

(b) Section 394.4593, relating to sexual misconduct with certain mental health patients and reporting of such sexual misconduct.

(c) Section 415.111, relating to adult abuse, neglect, or exploitation of aged persons or disabled adults.

(d) Section 782.04, relating to murder.

(e) Section 782.07, relating to manslaughter, aggravated manslaughter of an elderly person or disabled adult, or aggravated manslaughter of a child.

(f) Section 782.071, relating to vehicular homicide.

(g) Section 782.09, relating to killing of an unborn quick child by injury to the mother.

(h) Chapter 784, relating to assault, battery, and culpable negligence, if the offense was a felony.

(i) Section 784.011, relating to assault, if the victim of the offense was a minor.

(j) Section 784.03, relating to battery, if the victim of the offense was a minor.

(k) Section 787.01, relating to kidnapping.

(l) Section 787.02, relating to false imprisonment.

(m) Section 787.025, relating to luring or enticing a child.

(n)  Section 787.04(2), relating to taking, enticing, or removing a child beyond the state limits with criminal intent pending custody proceedings.

(o)  Section 787.04(3), relating to carrying a child beyond the state lines with criminal intent to avoid producing a child at a custody hearing or delivering the child to the designated person.

(p)  Section 790.115(1), relating to exhibiting firearms or weapons within 1,000 feet of a school.

(q)  Section 790.115(2)(b), relating to possessing an electric weapon or device, destructive device, or other weapon on school property.

(r)  Section 794.011, relating to sexual battery.

(s)  Former s. 794.041, relating to prohibited acts of persons in familial or custodial authority.

(t)  Section 794.05, relating to unlawful sexual activity with certain minors.

(u)  Chapter 796, relating to prostitution.

(v)  Section 796.02, relating to lewd and lascivious behavior.

(w)  Chapter 800, relating to lewdness and indecent exposure.

(x)  Section 806.01, relating to arson.

(y)  Section 810.02, relating to burglary.

(z)  Section 810.14, relating to voyeurism, if the offense is a felony.

(aa)  Section 810.145, relating to video voyeurism, if the offense is a felony.

(bb)  Chapter 812, relating to theft, robbery, and related crimes, if the offense is a felony.

(cc)  Section 817.563, relating to fraudulent sale of controlled substances, only if the offense was a felony.

(dd)  Section 825.102, relating to abuse, aggravated abuse, or neglect of an elderly person or disabled adult.

(ee)  Section 825.1025, relating to lewd or lascivious offenses committed upon or in the presence of an elderly person or disabled adult.

(ff)  Section 825.103; relating to exploitation of an elderly person or disabled adult, if the offense was a felony.

(gg)  Section 826.04, relating to incest.

(hh)  Section 827.03, relating to child abuse, aggravated child abuse, or neglect of a child.

(ii)  Section 827.04, relating to contributing to the delinquency or dependency of a child.

(jj)  Former s. 827.05, relating to negligent treatment of children.

(kk)  Section 827.071, relating to sexual performance by a child.

(ll)  Section 843.01, relating to resisting arrest with violence.

(mm)  Section 843.025, relating to depriving a law enforcement, correctional, or correctional probation officer means of protection or communication.

(nn)  Section 843.12, relating to aiding in an escape.

(oo)  Section 843.13, relating to aiding in the escape of juvenile inmates in correctional institutions.

(pp)  Chapter 847, relating to obscene literature.

(qq)  Section 874.05(1), relating to encouraging or recruiting another to join a criminal gang.

(rr)  Chapter 893, relating to drug abuse prevention and control, only if the offense was a felony or if any other person involved in the offense was a minor.

(ss)  Section 916.1075, relating to sexual misconduct with certain forensic clients and reporting of such sexual misconduct.

(tt)  Section 944.35(3), relating to inflicting cruel or inhuman treatment on an inmate resulting in great bodily harm.

(uu)  Section 944.40, relating to escape.

(vv)  Section 944.46, relating to harboring, concealing, or aiding an escaped prisoner.

(ww)  Section 944.47, relating to introduction of contraband into a correctional facility.

(xx)  Section 985.701, relating to sexual misconduct in juvenile justice programs.

(yy)  Section 985.711, relating to contraband introduced into detention facilities.

(3)  The security background investigations under this section must ensure that no person subject to this section has been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense that constitutes domestic violence as defined in s. 741.28, whether such act was committed in this state or in another jurisdiction.

Criminal offenses found in section 408.809(4), F.S

(a)  Any authorizing statutes, if the offense was a felony.

(b) This chapter, if the offense was a felony.

(c) Section 409.920, relating to Medicaid provider fraud.

(d) Section 409.9201, relating to Medicaid fraud.

(e) Section 741.28, relating to domestic violence.

(f) Section 817.034, relating to fraudulent acts through mail, wire, radio, electromagnetic, photoelectronic, or photooptical systems.

(g) Section 817.234, relating to false and fraudulent insurance claims.

(h) Section 817.505, relating to patient brokering.

(i) Section 817.568, relating to criminal use of personal identification information.

(j) Section 817.60, relating to obtaining a credit card through fraudulent means.

(k) Section 817.61, relating to fraudulent use of credit cards, if the offense was a felony.

(l) Section 831.01, relating to forgery.

(m) Section 831.02, relating to uttering forged instruments.

(n) Section 831.07, relating to forging bank bills, checks, drafts, or promissory notes.

(o) Section 831.09, relating to uttering forged bank bills, checks, drafts, or promissory notes.

(p) Section 831.30, relating to fraud in obtaining medicinal drugs.

(q) Section 831.31, relating to the sale, manufacture, delivery, or possession with the intent to sell, manufacture, or deliver any counterfeit controlled substance, if the offense was a felony.

---

If you are also using this form to provide evidence of prior Level 2 screening (fingerprinting) in the last 5 years <u>and</u> have not been unemployed for more than 90 days, please provide the following information.  **A copy of the prior screening results must be attached.**

Purpose of Prior Screening: _____

Screened conducted by:                              Date of Prior Screening: _____

☐ Agency for Health Care Administration
☐ Department of Health
☐ Agency for Persons with Disabilities
☐ Department of Children and Family Services
☐ Department of Financial Services

---

## Affidavit

Under penalty of perjury, I, _Chelsea Engelhardt_, hereby swear or affirm that I meet the requirements for qualifying for employment in regards to the background screening standards set forth in Chapter 435 and section 408.809, F.S.  In addition, I agree to immediately inform my employer if arrested or convicted of any of the disqualifying offenses while employed by any health care provider licensed pursuant to Chapter 408, Part II F.S.

_Chelsea Engelhardt_                _Physical Therapist_          _9/17/2018_
Employee/Contractor Signature              Title                          Date



# AFFIDAVIT OF COMPLIANCE WITH
## Background Screening
## Requirements

FLORIDA AGENCY FOR HEALTH CARE ADMINISTRATION

**Authority:** This form may be used by **all employees** to comply with:

- the attestation requirements of **section 435.05(2), Florida Statutes**, which state that every employee required to undergo Level 2 background screening must attest, subject to penalty of perjury, to meeting the requirements for qualifying for employment pursuant to this chapter and agreeing to inform the employer immediately if arrested for any of the disqualifying offenses while employed by the employer; **AND**

- the proof of screening within the previous 5 years in **section 408.809(2), Florida Statutes** which requires proof of compliance with level 2 screening standards submitted within the previous 5 years to meet any provider or professional licensure requirements of the Agency, the Department of Health, the Agency for Persons with Disabilities, the Department of Children and Family Services, or the Department of Financial Services for an applicant for a certificate of authority or provisional certificate of authority to operate a continuing care retirement community under chapter 651 if the person has not been unemployed for more than 90 days.

*This form must be maintained in the employee's personnel file.* If this form is used as proof of screening for an administrator or chief financial officer to satisfy the requirements of an **application for a health care provider license**, please attach a copy of the screening results and submit with the licensure application.

| | |
|---|---|
| **Employee/Contractor Name:** | *Jason H Carll* |
| **Health Care Provider/ Employer Name:** | First Choice Medical Group of Brevard, LLC |
| **Address of Health Care Provider:** | 709 S. Harbor City Blvd, Ste 100, Melbourne, FL 32901 |

I hereby attest to meeting the requirements for employment and that I have not been arrested for or been found guilty of, regardless of adjudication, or entered a plea of nolo contendere, or guilty to any offense, or have an arrest awaiting a final disposition prohibited under any of the following provisions of the Florida Statutes or under any similar statute of another jurisdiction:

**Criminal offenses found in section 435.04, F.S**

a) Section 393.135, relating to sexual misconduct with certain developmentally disabled clients and reporting of such sexual misconduct.

(b) Section 394.4593, relating to sexual misconduct with certain mental health patients and reporting of such sexual misconduct.

(c) Section 415.111, relating to adult abuse, neglect, or exploitation of aged persons or disabled adults.

(d) Section 782.04, relating to murder.

(e) Section 782.07, relating to manslaughter, aggravated manslaughter of an elderly person or disabled adult, or aggravated manslaughter of a child.

(f) Section 782.071, relating to vehicular homicide.

(g) Section 782.09, relating to killing of an unborn quick child by injury to the mother.

(h) Chapter 784, relating to assault, battery, and culpable negligence, if the offense was a felony.

(i) Section 784.011, relating to assault, if the victim of the offense was a minor.

(j) Section 784.03, relating to battery, if the victim of the offense was a minor.

(k) Section 787.01, relating to kidnapping.

(l) Section 787.02, relating to false imprisonment.

(m) Section 787.025, relating to luring or enticing a child.

(n)  Section 787.04(2), relating to taking, enticing, or removing a child beyond the state limits with criminal intent pending custody proceedings.

(o)  Section 787.04(3), relating to carrying a child beyond the state lines with criminal intent to avoid producing a child at a custody hearing or delivering the child to the designated person.

(p)  Section 790.115(1), relating to exhibiting firearms or weapons within 1,000 feet of a school.

(q)  Section 790.115(2)(b), relating to possessing an electric weapon or device, destructive device, or other weapon on school property.

(r)  Section 794.011, relating to sexual battery.

(s)  Former s. 794.041, relating to prohibited acts of persons in familial or custodial authority.

(t)  Section 794.05, relating to unlawful sexual activity with certain minors.

(u)  Chapter 796, relating to prostitution.

(v)  Section 796.02, relating to lewd and lascivious behavior.

(w)  Chapter 800, relating to lewdness and indecent exposure.

(x)  Section 806.01, relating to arson.

(y)  Section 810.02, relating to burglary.

(z)  Section 810.14, relating to voyeurism, if the offense is a felony.

(aa)  Section 810.145, relating to video voyeurism, if the offense is a felony.

(bb)  Chapter 812, relating to theft, robbery, and related crimes, if the offense is a felony.

(cc)  Section 817.563, relating to fraudulent sale of controlled substances, only if the offense was a felony.

(dd)  Section 825.102, relating to abuse, aggravated abuse, or neglect of an elderly person or disabled adult.

(ee)  Section 825.1025, relating to lewd or lascivious offenses committed upon or in the presence of an elderly person or disabled adult.

(ff)  Section 825.103, relating to exploitation of an elderly person or disabled adult, if the offense was a felony.

(gg)  Section 826.04, relating to incest.

(hh)  Section 827.03, relating to child abuse, aggravated child abuse, or neglect of a child.

(ii)  Section 827.04, relating to contributing to the delinquency or dependency of a child.

(jj)  Former s. 827.05, relating to negligent treatment of children.

(kk)  Section 827.071, relating to sexual performance by a child.

(ll)  Section 843.01, relating to resisting arrest with violence.

(mm)  Section 843.025, relating to depriving a law enforcement, correctional, or correctional probation officer means of protection or communication.

(nn)  Section 843.12, relating to aiding in an escape.

(oo)  Section 843.13, relating to aiding in the escape of juvenile inmates in correctional institutions.

(pp)  Chapter 847, relating to obscene literature.

(qq)  Section 874.05(1), relating to encouraging or recruiting another to join a criminal gang.

(rr)  Chapter 893, relating to drug abuse prevention and control, only if the offense was a felony or if any other person involved in the offense was a minor.

(ss)  Section 916.1075, relating to sexual misconduct with certain forensic clients and reporting of such sexual misconduct.

(tt)  Section 944.35(3), relating to inflicting cruel or inhuman treatment on an inmate resulting in great bodily harm.

(uu)  Section 944.40, relating to escape.

(vv)  Section 944.46, relating to harboring, concealing, or aiding an escaped prisoner.

(ww)  Section 944.47, relating to introduction of contraband into a correctional facility.

(xx)  Section 985.701, relating to sexual misconduct in juvenile justice programs.

(yy)  Section 985.711, relating to contraband introduced into detention facilities.

(3)  The security background investigations under this section must ensure that no person subject to this section has been found guilty of, regardless of adjudication, or entered a plea of nolo contendere or guilty to, any offense that constitutes domestic violence as defined in s. 741.28, whether such act was committed in this state or in another jurisdiction.

Criminal offenses found in section 408.809(4), F.S

(a)  Any authorizing statutes, if the offense was a felony.

(b) This chapter, if the offense was a felony.

(c) Section 409.920, relating to Medicaid provider fraud.

(d) Section 409.9201, relating to Medicaid fraud.

(e) Section 741.28, relating to domestic violence.

(f) Section 817.034, relating to fraudulent acts through mail, wire, radio, electromagnetic, photoelectronic, or photooptical systems.

(g) Section 817.234, relating to false and fraudulent insurance claims.

(h) Section 817.505, relating to patient brokering.

(i) Section 817.568, relating to criminal use of personal identification information.

(j) Section 817.60, relating to obtaining a credit card through fraudulent means.

(k) Section 817.61, relating to fraudulent use of credit cards, if the offense was a felony.

(l) Section 831.01, relating to forgery.

(m) Section 831.02, relating to uttering forged instruments.

(n) Section 831.07, relating to forging bank bills, checks, drafts, or promissory notes.

(o) Section 831.09, relating to uttering forged bank bills, checks, drafts, or promissory notes.

(p) Section 831.30, relating to fraud in obtaining medicinal drugs.

(q) Section 831.31, relating to the sale, manufacture, delivery, or possession with the intent to sell, manufacture, or deliver any counterfeit controlled substance, if the offense was a felony.

---

If you are also using this form to provide evidence of prior Level 2 screening (fingerprinting) in the last 5 years <u>and</u> have not been unemployed for more than 90 days, please provide the following information. **A copy of the prior screening results must be attached.**

Purpose of Prior Screening:_____

Screened conducted by:                    Date of Prior Screening: _____

☐ Agency for Health Care Administration
☐ Department of Health
☐ Agency for Persons with Disabilities
☐ Department of Children and Family Services
☐ Department of Financial Services

---

## Affidavit

Under penalty of perjury, I, _JASON H CIALL_____, hereby swear or affirm that I meet the requirements for qualifying for employment in regards to the background screening standards set forth in Chapter 435 and section 408.809, F.S. In addition, I agree to immediately inform my employer if arrested or convicted of any of the disqualifying offenses while employed by any health care provider licensed pursuant to Chapter 408, Part II F.S.

_____         _PTA_____         _07/09/18_
Employee/Contractor Signature              Title               Date

(b) This chapter, if the offense was a felony.

(c) Section 409.920, relating to Medicaid provider fraud.

(d) Section 409.9201, relating to Medicaid fraud.

(e) Section 741.28, relating to domestic violence.

(f) Section 817.034, relating to fraudulent acts through mail, wire, radio, electromagnetic, photoelectronic, or photooptical systems.

(g) Section 817.234, relating to false and fraudulent insurance claims.

(h) Section 817.505, relating to patient brokering.

(i) Section 817.568, relating to criminal use of personal identification information.

(j) Section 817.60, relating to obtaining a credit card through fraudulent means.

(k) Section 817.61, relating to fraudulent use of credit cards, if the offense was a felony.

(l) Section 831.01, relating to forgery.

(m) Section 831.02, relating to uttering forged instruments.

(n) Section 831.07, relating to forging bank bills, checks, drafts, or promissory notes.

(o) Section 831.09, relating to uttering forged bank bills, checks, drafts, or promissory notes.

(p) Section 831.30, relating to fraud in obtaining medicinal drugs.

(q) Section 831.31, relating to the sale, manufacture, delivery, or possession with the intent to sell, manufacture, or deliver any counterfeit controlled substance, if the offense was a felony.

---

If you are also using this form to provide evidence of prior Level 2 screening (fingerprinting) in the last 5 years **and** have not been unemployed for more than 90 days, please provide the following information. **A copy of the prior screening results must be attached.**

Purpose of Prior Screening:_____

Screened conducted by:

Date of Prior Screening: _____

- ☐ Agency for Health Care Administration
- ☐ Department of Health
- ☐ Agency for Persons with Disabilities
- ☐ Department of Children and Family Services
- ☐ Department of Financial Services

---

## Affidavit

Under penalty of perjury, I, _Lissette Guerra_____, hereby swear or affirm that I meet the requirements for qualifying for employment in regards to the background screening standards set forth in Chapter 435 and section 408.809, F.S. In addition, I agree to immediately inform my employer if arrested or convicted of any of the disqualifying offenses while employed by any health care provider licensed pursuant to Chapter 408, Part II F.S.

| _Lissette Guerra_ | _PT tech_ | _8/28/17_ |
|---|---|---|
| Employee/Contractor Signature | Title | Date |