UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Case No.: 6:20-bk-3355-KSJ |
| | Chapter 11 |
| First Choice Healthcare Solutions, Inc. *et, al.*[1] | |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

### DECLARATION OF LANCE FRIEDMAN PURSUANT TO 28 U.S.C. § 1746 IN SUPPORT OF CONFIRMATION OF DEBTORS' AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE

Lance Friedman, being duly sworn, deposes and says:

1.     Since July of 2020 I have been the Chief Executive Officer for First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc. and Marina Towers, LLC (each a "Debtor," and collectively, the "Debtors") with their principal place of business in Melbourne, Florida.

2.     In my capacity as such, I have detailed knowledge of and experience with the business and financial affairs of the Debtors.

3.     I have reviewed the Debtors' Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (Doc. 306) (the "Plan"), as modified on February 2, 2021, and the disclosures and other information contained therein is true and correct to the best of my knowledge.

4.     I have been involved in the capital raise process for Debtor First Choice Healthcare Solutions, Inc. and have detailed knowledge of that capital raise.

---

[1] The Debtors in these cases are: First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC.  The address of all the Debtors is 709 S. Harbor City Blvd., Suite 530, Melbourne, FL 32901.

5.      On November 24, 2020, the Debtors filed an Amended Motion for Authority to Conduct Capital Raise (Doc. No. 268). On December 22, 2020, the Court entered an Order Granting in Part Debtor First Choice Healthcare Solutions, Inc.'s Amended Motion for Authority to Conduct Capital Raise (Doc. No. 292) up to $500,000. On December 23, 2020, the Debtor filed a Motion for Authority to Conduct Expanded Capital Raise (Doc. No. 295) ("Motion for Capital Raise"), which the Court granted (Doc. No. 318). The Motion for Capital Raise allowed the Debtors to enter into capital raise up to the amount of $1,500,000. Once the Debtor raises $1,000,000, the balance of capital raise (i.e. $500,000) is required to be set aside in an interest-bearing debtor-in-possession account.

6.      The Plan contemplates and is predicated upon the reorganization of the Debtors. To help fund the transactions contemplated by the Plan, the Debtors have begun a capital raise program and post-confirmation of the Plan expect to be able to raise up to $3,000,000.

7.      As of February 2, 2021, the Debtors had received $625,000 in subscriptions. The Debtors closed on and received $400,000 leaving $7,500 remaining in escrow. In addition, the Debtors have executed term sheets in the amount of $750,000.

8.      The Debtors have received interests from four investors totaling $1,000,000 which the Debtors are moving through the capital raise documentation process.

9.      Assuming the Plan is confirmed, I expect the Debtors will be able to raise the contemplated $3,000,000 and to be able to timely make all payments set forth in the Plan.

10.      As evidenced by Exhibit B to the Plan, the Debtors' financial projections and cash projections, the Debtors have or will have adequate funds required to make Plan payments due on and after the Effective Date, to fund the Debtors' working capital needs and to operate successfully over the course of the Plan.

56238605;6

11.     The Plan complies with the applicable provides of the Bankruptcy Code, in particular:

    i.      The funds to be distributed under the Plan will exceed the projected disposable income of the Debtors to be received in both the 3-year and 5-year periods under 11 U.S.C. s 1191(c)(2)(A);

    ii.     The value of all property to be distributed under the Plan is not less than the projected disposable income.  Therefore, the Plan satisfies the requirements of 11 U.S.C. § 1191(c)(2)(B); and

    iii.    The Debtors will be able to make all payments proposed under the Plan and thus the Plan satisfies the requirements of 11 U.S.C. s 1191(c)(3).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: February 3, 2021

_____
LANCE FRIEDMAN

3

56238605;6