UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

First Choice Healthcare Solutions, Inc.,
et al.,

      Debtors.

_____/

Case No. 6:20-bk-03355-KSJ
Chapter 11

Jointly Administered[1]

**Hearing Date: December 15, 2021
at 11:45 a.m.**

### UNITED STATES TRUSTEE'S MOTION TO DISMISS OR CONVERT JOINTLY ADMINISTERED CONFIRMED CASES TO CHAPTER 7

Pursuant to 11 U.S.C. § 1112(b), Mary Ida Townson, United States Trustee for Region 21 ("UST"), by and through the undersigned counsel, moves to dismiss or convert these jointly administered cases confirmed pursuant to 11 U.S.C. §1191(a) because the Debtors have failed to effectuate substantial consummation of their confirmed plan. In support, the UST states:

### STANDING

1.    The UST has standing to file motions to dismiss or convert chapter 11 cases under 11 U.S.C. §§ 307 and 1112(b)(1), as well as 28 U.S.C. § 586. *See also* Collier on Bankruptcy ¶ 1112.04[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

### BACKGROUND

2.    On February 23, 2021, the Court entered the Order Confirming Debtors' Amended Joint Plan of Reorganization (Doc. No. 405; "Order Confirming Plan"), confirming the Debtors' Amended Joint Plan of Reorganization (Doc. No. 306), as modified by the Debtors'

---

[1] Jointly administered cases: First Choice Healthcare Solutions, Inc., Case No.: 6:20-bk-3355- KSJ; First Choice Medical Group of Brevard, LLC, Case No.: 6:20-bk-3356- KSJ; FCID Medical, Inc., Case No.: 6:20-bk-3357- KSJ; and Marina Towers, LLC, Case No.: 6:20-bk-3359-KSJ.

Notice of Filing Modifications to Debtors' Joint Plan of Reorganization dated February 2, 2021 (Doc. No. 349) (collectively the "Plan").

3.        On October 29, 2021, each Debtor filed its Post Confirmation Quarterly Operating Report for the period of July 1, 2021, through September 30, 2021 (Doc. Nos. 463-466; the "Third Quarter 2021 Reports").

4.        The Third Quarter 2021 Reports reflect the Debtors' failure to make all required payments under the confirmed Plan.

5.        On November 11, 2021, counsel for the Debtors, Esther McKean and Akerman LLP's ("Counsel"), filed a Motion to Withdraw as Counsel for the Debtors (Doc. No. 467) citing as a basis for the Motion, irreconcilable differences and failure to comply with the Court's orders approving the payment of fees and expenses to Counsel as administrative expenses of the Debtors. The Court granted the Motion.  In addition to allowing Counsel's withdrawal, the Order Granting Motion to Withdraw (Doc. No. 472; the "Withdrawal Order") provides that the Debtors must retain new counsel within fourteen (14) days from November 15, 2021, by November 29, 2021.

6.        On November 1, 2021, Marina Towers, LLC, one of the Debtors, filed a second bankruptcy case (Case No. 6:21-bk-04990-KSJ) while the instant case was pending. Two days later, GMR Melbourne, LLC ("GMR"), the owner and landlord of the Debtors' main business office filed a Motion to Dismiss the second Marina Towers, LLC case (6:21-bk-04990-KSJ, Doc. No. 10) and a Motion for Relief from Stay (6:21-bk-04990-KSJ, Doc. No. 9). The Debtors' Plan provided for the assumption of the lease with GMR but the Debtors defaulted.  At the preliminary hearing held on November 15, 2021, the Debtor acknowledged the default of the Plan lease assumption terms and its inability to cure the default, and the Court granted both the

Motion for Relief and the Motion to Dismiss. *See* Marina Towers, LLC, Case No. 6:21-bk-04990-KSJ, Doc. Nos. 35 and 36 entered on November 18, 2021, and November 19, 2021, respectively.

## ANALYSIS

7.      Pursuant to 11 U.S.C. § 1112(b), where "cause" is shown on the motion of a party in interest, the bankruptcy court shall dismiss or convert a chapter 11 case, whichever is in the best interests of creditors.  11 U.S.C. § 1112(b).

8.      In the instant cases, cause exists as contemplated by 11 U.S.C. § 1112(b)(4) warranting the dismissal or conversion of the cases.

9.      The Debtors have not sought and are unable to seek entry of a final decree because they are unable to consummate their Plan of Reorganization. In addition to their demonstrated inability to make payments required under the Plan, including administrative expenses and lease assumption payments, and because of these defaults, they are currently not represented by counsel and have lost their principal business location which was also a source of revenue to the Debtors necessary to fund their Plan.

10.      The Debtors' failure to comply with orders of the Court, including the Order Confirming Plan, is cause for dismissal or conversion pursuant to Section 1112(b)(4)(E).

11.      In addition, the Debtors are without counsel in violation of Local Rule 1074-1 which states "Corporations, partnerships, trusts, and other persons who are not individuals may appear and be heard only through counsel permitted to practice in the Court . . ."  Pursuant to the Withdrawal Order, the Debtors must obtain new counsel by no later than November 29, 2021. As of the filing of this motion, new counsel has not filed a notice of appearance.  Failure to

comply with this local rule and court order would constitute additional cause for dismissal or conversion to chapter 7 pursuant to Section 1112(b)(4)(E).

12.     Finally, failure to seek entry of a final decree constitutes unnecessary delay in administration of the cases and serves as further cause for dismissal or conversion pursuant to 11 U.S.C. § 1112(b)(4) and demonstrates an inability to effectuate substantial consummation of a confirmed plan which is cause for dismissal or conversion of these confirmed cases pursuant to 11 U.S.C. § 1112(b)(4)(M).

## **CONCLUSION**

13.     For these reasons, these confirmed cases should be dismissed or converted to chapter 7.

14.     The estimated time required for a hearing on the matters set forth herein is thirty minutes.

WHEREFORE, the United States Trustee respectfully requests that the Court grant this Motion, enter an Order dismissing or converting these confirmed cases, and grant such other and further relief as the Court deems appropriate.

DATED:  November 26, 2021

Respectfully submitted,

MARY IDA TOWNSON
United States Trustee, Region 21

  _/s/  Miriam G. Suarez_
Miriam G. Suarez, Trial Attorney
Florida Bar No.:  756105
Office of the United States Trustee
U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 126
Facsimile No.: (407) 648-6323
Email: Miriam.G.Suarez@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have caused a true and correct copy of the foregoing Motion to be served on November 26, 2021, through CM/ECF on parties having appeared electronically in the instant matter, and by U.S. Mail on the following:

First Choice Healthcare Solutions, Inc.
ATTN: Lance Friedman
709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901

First Choice Medical Group of Brevard, LLC
ATTN: Lance Friedman
709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901

FCID Medical, Inc.
ATTN: Lance Friedman
709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901

Marina Towers, LLC
ATTN: Lance Friedman
709 S. Harbor City Blvd., Suite 530
Melbourne, FL 32901


 */s/  Miriam G. Suarez*
Miriam G. Suarez, Trial Attorney