**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| In re: | Case No. 6:20-bk-3355-KSJ |
| FIRST CHOICE HEALTHCARE SOLUTIONS, INC., *et al*., [1] | Chapter 11 |
| | (Jointly Administered) |
| Debtors. | |
| _____/ | |

**EXPEDITED MOTION FOR AN ORDER**
**COMPELLING BRIAN HAMZAVI TO RESPOND TO SUBPOENA**
**AND TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT**

Comes now GMR Melbourne, LLC ("GMR"), by and through counsel, and hereby moves the Court, pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, made applicable by Rules 7037, 9014(c) and 9016, Federal Rules of Bankruptcy Procedure, for an order compelling non-party Dr. Brian Hamzavi ("Dr. Hamzavi") to respond to the Subpoena that has been served on him and for Dr. Hamzavi to show cause why he should not be held in contempt. Pursuant to Local Rule 9013-1(e), GMR requests expedited consideration of this Motion. In support thereof, GMR states as follows:

1. On November 26, 2021, the U.S. Trustee moved the Court to dismiss or convert these jointly administered cases. (See Docket No. 476.) GMR has filed a Joinder in the U.S. Trustee's Motion to Dismiss or Convert. (See Docket No. 524.)

2. On December 14, 2021, the Debtors moved the Court for final decree and certificate of substantial consummation. (See Docket No. 488.) Objections to the Motion for Entry of Final

---

[1] The Debtors in these cases are: First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC. The address of all the Debtors is 709 S. Harbor City Blvd., Suite 530, Melbourne, FL 32901.

1

Decree and Certificate of Substantial Consummation have been filed by U.S. Bank National Association d/b/a U.S. Bank Equipment Finance, GMR and TruMedical Solutions, LLC. (See Docket Nos. 491, 494, 498.) The Debtors filed an Amended Motion for Final Decree and Supplement to Amended Motion for Final Decree. (See Docket Nos. 500 and 516.)

       3.     On January 18, 2022, GMR filed a Notice of 2004 Examination of the Debtors and related entity Emerge Healthcare Solutions, LLC. (See Docket No. 501.) On January 26, 2022, GMR filed a Notice of 2004 Examination of Emerge Healthcare Solutions, LLC and TD Bank. (See Docket No. 504.) Also on January 26, 2022, GMR provided notice of its intent to serve Emerge Healthcare Solutions, LLC and TD Bank with non-party subpoenas for the production of documents. (See Docket No. 505.) GMR has also provided notice of intent to serve Dr. Hamzavi and Emerge Healthcare Solutions, LLC with non-party subpoenas for the production of documents. (See Docket No. 526.)

       4.     GMR attempted to deliver the Subpoena to Dr. Hamzavi at a residential address, but that attempt was unsuccessful.

       5.     Dr. Hamzavi works as a physician with the Debtors at 1344 S. Apollo Blvd., Ste. 300, Melbourne, Florida 32901. (*See* License Verification from Florida Department of Health, attached.) Dr. Hamzavi is featured in the Debtors' marketing materials. (*See* Emerge Healthcare Physician Packet, Emerge Physician Flyer, "Space Coast Living" sponsored content and VistaPrint collateral, attached.) Dr. Hamzavi also maintains a personal website listing his address as 1344 S. Apollo Blvd., Ste. 300, Melbourne, Florida 32901. (*See* brianhamzavimd.com print-out, attached.)

       6.     On March 29, 2022, Erick Campos-Matamoros, certified process server, delivered a true copy of the Subpoena to Theresa, who is authorized to accept service for Dr. Hamzavi at his

work address of 1344 S. Apollo Blvd., Ste. 300, Melbourne, Florida 32901. (*See* Return of Service, attached.)

7. A copy of the Subpoena is attached hereto. The Subpoena requires Dr. Hamzavi to produce, on or before April 4, 2022, the following categories of communications, which are listed here pursuant to Local Rule 7037-1:

  a. For the period from February 23, 2021, to present, all communications between you and anyone on behalf of any Debtor (including but not limited to Lance Friedman, Phil Keller or Eric Weiss) regarding any amounts owed to you by any Debtor.

  b. For the period from February 23, 2021, to present, all communications between you and anyone on behalf of any Debtor (including but not limited to Lance Friedman, Phil Keller or Eric Weiss) in which you were instructed not to cash a check from any Debtor.

  c. For the period from February 23, 2021, to present, all communications between you and anyone on behalf of any Debtor (including but not limited to Lance Friedman, Phil Keller or Eric Weiss) regarding delivery of a check to you to pay amounts owed to you by any Debtor.

  d. For the period from February 23, 2021, to present, all communications between you and anyone on behalf of any Debtor (including but not limited to Lance Friedman, Phil Keller or Eric Weiss) regarding the failure of any Debtor to timely pay your salary.

8. When GMR had not received any response from Dr. Hamzavi, GMR's counsel inquired as to the status of production. Dr. Hamzavi's counsel, having received a copy of the

Subpoena, on April 12, 2022, took the position that the Subpoena had not been delivered to Dr. Hamzavi and that GMR would have to "personally serve Dr. Hamzavi." (*See* Email correspondence, attached.)

9. In support of his position, Dr. Hamzavi's counsel cited *US Wats, Inc. v. Long Distance Direct, Inc.*, No. 94-1837, 1994 WL 580180, at *2 (E.D. Pa. Oct. 21, 1994). However, *U.S. Wats* is a case about service of a complaint and summons under Rule 4.

10. Service of a subpoena under Rule 45 is a different matter. The District Court, Middle District of Florida, has expressly held that "the requisite service is lesser in the context of subpoenas." *Clark v. Hercules, Inc.*, No. 2:13-cv-794-FtM-29MRM, 2021 WL 4318413 at *2 (M.D. Fla. Jan. 19, 2021). "Specifically, rather than requiring personal service, service of a subpoena requires only that 'service [be] reasonably calculated to ensure receipt of the subpoena by the witness.'" *Id.* (quoting *Reiterman v. Abid*, No. 8:19-CV-2282-T-02AAS, 2019 WL 6114945, at *1 (M.D. Fla. Nov. 18, 2019)); *see also Codrington v. Anheuser-Busch, Inc.*, No. 98-2417-CIV-T-26F, 1999 WL 1043861 at *1 (M.D. Fla. Oct. 15, 1999) ("the Court finds that nothing in the plan language of the Rule requires personal service"). For example, the Middle District of Florida, has, thus, allowed service of subpoena by certified mail and by Fedex. *See Codrington*, 1999 WL 1043861 at *1 (allowing service of subpoena by certified U.S. Mail); *S.E.C. v. Rex Venture Group, LLC*, No. 5:13–MC–004– WTH–PRL, 2013 WL 1278088, at *2 (M.D. Fla. Mar. 28, 2013) (allowing service of subpoena by Federal Express).

11. These cases make clear that personal service is not required for a subpoena. Rule 45(b)(1), Federal Rules of Civil Procedure, says that service of a subpoena is accomplished by "delivering" a copy of it. Fed. R. Civ. P. 45(b)(1). Accordingly, the position of Dr. Hamzavi's counsel that GMR must "personally serve Dr. Hamzavi" is based on an inapplicable legal standard.

12. Since "the relevant inquiry is whether service of the subpoena was 'reasonably calculated' to ensure receipt of the subpoena," *State Farm Mutual Auto. Ins. Co. v. Maistrenko*, 19-MC-20850-SCOLA/TORRES, 2019 WL 7790855 at *3 (S.D. Fla. Dec. 20, 2019), many courts have found service of a subpoena effective when it was left with a person other than the indicated target of the subpoena. *See id.* (subpoena left with teenage woman at target's home address); *In re Falcon Air Express, Inc.*, No. 06-11877-BKC-AJC, 2008 WL 2038799 at *4 (Bankr. S.D. Fla. May 8, 2008) (subpoena left with target's wife); *In re Viacao Itapemirim, S.A.*, No. 18-24871-BKC-RAM, 608 B.R. 268 (Bankr. S.D. Fla. 2019) (subpoena left with "worker" at apartment); *Bozo v. Bozo*, 2013 WL 12128680 at *1 (S.D. Fla. Aug. 16, 2013) (subpoena left with maid).

13. Of particular relevance here, subpoenas left with the front desk clerk or receptionist of a medical office have been found to be validly served. *See Dobbins v. National Union Fire Ins. Co.*, No. 19-cv-10546, 2020 WL 402235 at *4 (E.D. Mich. Jan. 23, 2020). In *Dobbins*, a physician argued that the subpoena had not been properly served since he was an independent contractor, not an employee, of the medical office, he lived and worked in another state and he was not personally served. *See id.* The District Court rejected these arguments and held that delivery of the subpoenas through the front desk clerk was effective. *See id.*; *see also In re Grand Jury Proceedings*, 795 F.2d 226, 228 (1st Cir. 1986) (when subpoenas were left with a receptionist who was authorized to accept service, delivery of the subpoenas was found to be effective and was the basis for holding the targets of the subpoenas in contempt); *United States v. Custodian of Records, Southwestern Fertility Center*, 743 F. Supp. 783, 787 (W.D. Okla. 1990) (held, receptionist is the agent of the target of a subpoena for purposes of delivery); *Baxley v. Jividen*, No. 3:18-1526, 2021 WL 6857412 at *2 (S.D.W.V. Dec. 10, 2021) (subpoena left on a receptionist's desk, even after the receptionist stated that service was not authorized, held to be validly delivered when counsel

had electronic notice of the subpoena and there was evidence that other attempts at service were unsuccessful).

14. The Subpoena was delivered to Dr. Hamzavi in compliance with Rule 45. Despite the time for compliance with the Subpoena having passed, Dr. Hamzavi has not produced the required documents.

15. Due to the pending hearing on April 27, 2022, GMR believes time is of the essence and that this Motion should be brought before the Court expeditiously.

16. Rule 45 provides that, if the person to whom the Subpoena is directed objects to complying with it, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i); *see also* Fed. R. Bankr. P. 9016. Here, counsel for Dr. Hamzavi has notified counsel for GMR of Dr. Hamzavi's position that the Subpoena has not been delivered to Dr. Hamzavi and that GMR would have to "personally serve Dr. Hamzavi."

17. GMR requests that the Court compel Dr. Hamzavi to immediately produce the documents required by the Subpoena.

18. Rule 45 also provides that the Court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order relating to it." Fed. R. Civ. P. 45(g); *see also* Fed. R. Bankr. P. 9016. In addition to an order compelling Dr. Hamzavi to immediately produce the documents required by the Subpoena, GMR requests that Dr. Hamzavi be required to show cause why he should not be held in contempt under Rule 45(g).

19. Counsel for GMR hereby certifies that counsel for the parties have conferred in a good faith effort to obtain the requested discovery without court action being needed.

WHEREFORE, GMR Melbourne, LLC respectfully requests the Court compel Dr. Hamzavi to immediately produce the documents required by the Subpoena, require Dr. Hamzavi to show cause why he should not be held in contempt, hold Dr. Hamzavi in contempt if his failure to comply with the Subpoena meets the requirements of Rule 45(g), Federal Rules of Civil Procedure, and grant GMR such other and further relief as is just and appropriate.

Date:  April 13, 2022.    Respectfully submitted,

/s/ Austin L. McMullen
Austin L. McMullen (admitted *pro hac vice*)
**BRADLEY ARANT BOULT CUMMINGS LLP**
Roundabout Plaza
1600 Division Street
Suite 700
Nashville, TN 37203
P: (615) 244-2582 | F: (615) 252-6380
Primary email: amcmullen@bradley.com
Secondary email: dabbott@bradley.com

*Counsel for GMR Melbourne, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 13, 2022, a true and correct copy of the foregoing **EXPEDITED MOTION FOR AN ORDER COMPELLING BRIAN HAMZAVI TO RESPOND TO SUBPOENA AND TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT** has been served through the CM/ECF system to all registered CM/ECF recipients and by U.S. Mail, postage pre-paid, and email to the following:

Matthew Brinegar
The Brinegar Law Firm
Medical Arts Building
2000 Van Ness Avenue, Suite 512
San Francisco, CA 94109
mbrinegar@brinegarlaw.com

/s/ Austin L. McMullen
Attorney