UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                          Case No.: 6:20-bk-3355-GER
                                                Chapter 11
First Choice Healthcare Solutions, Inc.,
First Choice Medical Group of Brevard, LLC,     Jointly Administered
FCID Medical, Inc., and Marina Towers, LLC,

    Debtors.
_____/

**AKERMAN LLP'S MOTION FOR JUDGMENT,
JOINTLY AND SEVERALLY, AGAINST REORGANIZED DEBTORS
FIRST CHOICE HEALTHCARE SOLUTIONS, INC., FIRST CHOICE MEDICAL
GROUP OF BREVARD, LLC, FCID MEDICAL, INC., AND MARINA TOWERS, LLC**

---

**NOTICE OF OPPORTUNITY
TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of the Court at the United States Bankruptcy Court, 400 W. Washington St, Suite 5100, Orlando, FL  32801, within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing.  If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one.  If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Akerman LLP ("Akerman") requests this Court enter a judgment, jointly and severally,

against the Reorganized Debtors First Choice Healthcare Solutions, Inc., First Choice Medical

64277018;2

Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC (collectively "Debtors")

and as grounds therefore states:

### Factual and Procedural Background

1.      On July 21, 2020, the Court entered an Order Approving Application for
Approval of the Employment of Esther McKean of the Law Firm of Akerman LLP as Attorneys
for the Debtors, *Nunc Pro Tunc* to the Petition Date.[1]

2.      On January 7, 2021, the Debtors filed an Amended Joint Plan of Reorganization
Under Chapter 11 of the Bankruptcy Code (the "Amended Plan").[2]

3.      The Amended Plan provided that Fee Claims (as defined in the Amended Plan)
were to be paid in full in Cash within three (3) Business Days of the Final Order allowing such
Claims.

4.      The Amended Plan provided in Article XIV that

> The Court shall have exclusive jurisdiction over all matters arising out of,
> and related
>
> ***
>
> (3) to ensure that Distributions to Holders of Allowed Claims are
> accomplished as provided herein
>
> ***
>
> (7) to issue such orders in aid of execution of the Plan, to the extent
> authorized by section 1142 of the Bankruptcy Code
>
> ***
>
> (10) to hear and determine disputes arising in connection with the
> interpretation, implementation, or enforcement of the Plan
>
> ***
>
> (13) to hear and determine disputes arising in connection with
> compensation and reimbursement of expenses of professionals for services
> rendered during the period commencing on the Petition Date through and
> including the Effective Date….
>
> ***

---

[1] Doc. No. 102.
[2] Doc. No. 306.

2

5.      On February 11, 2021, the Court entered an Order Approving Final Application of Akerman LLP for Allowance and Payment of Attorneys' Fees and Costs as Counsel for the Debtors ("Compensation Order"), awarding fees and costs in the total amount of $584,657.73.[3]

6.      On February 22, 2021, the Court entered an Order Confirming Debtors' Amended Joint Plan of Reorganization (the "Confirmation Order").[4]

7.      The Confirmation Order provided

Retained jurisdiction. Pursuant to the Plan and 11 U.S.C. §§ 105 and 1142, this Court retains jurisdiction subsequent to the entry of this order to enter orders necessary to facilitate the implementation of the Plan and to ensure that the purposes and intent of the Plan are carried out.

8.      Pursuant to the Amended Plan, the Debtors were to pay Akerman the amount set forth in the Compensation Order.

9.      On December 10, 2021, Debtors agreed to payment of outstanding fees and costs to Akerman and further agreed to certain terms and conditions in return for Akerman not objecting to entry of a Final Decree. Specifically, the Debtors agreed to pay Akerman an initial payment of $300,000 by wire, plus admitted and agreed to the following:

***

4.  First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., Marina Towers, LLC and any, affiliates, assigns or successor company ("collectively "First Choice") admit they are currently liable to Akerman LLP for post-confirmation fees in the amount of $70,747.92 ("Post-Confirmation Fees").

5.  First Choice shall pay Akerman LLP the balance owed under the Fee Order ($284,657.73) and Post-Confirmation Fees ($70,747.92) in monthly equal installment payments in the amount of $50,772.24 on or before the 15th of each month beginning January 15, 2022 and ending on July 15,

---

[3] Doc. No. 391.
[4] Doc. No. 405.

64277018;2

2022.  However, in the event of an initial public offering ("IPO") by any company affiliated with [the Debtors], [the Debtors] shall within twenty-one (21) days of an IPO shall pay the full balance owed to Akerman LLP. If a payment is late or not paid in proper amount, Debtor understands Akerman has the right to pursue immediately all its rights under the Bankrutpcy Code and state law to immediately recover the full outstanding balance and *[Debtors] waive[s] all defenses*.

\*\*\*

(emphasis added).

10.    On April 27, 2022, the Court held a hearing on Debtors' Motion for Entry of Final and Certificate of Substantial Consummation.[5]  At the hearing it was discussed entry of a Final Decree was based on representation on payment to Akerman and Debtors' compliance with previously entered Court orders.

11.    On April 27, 2022, the Court entered a Final Decree.[6]  The Final Decree provided the following:

\*\*\*

1.    The *Motion for Entry of Final Decree and Certificate of Substantial Consummation* (Doc. No. 488), as Amended[7] (Doc. No. 500), is GRANTED, subject to the terms of this Order**.**
2.    The Debtors **must** pay or otherwise satisfy any outstanding balance due to Akerman LLP by May 6, 2022, or such other date that Akerman LLP agrees in writing.
3.    The Court reserves jurisdiction to hear matters related to any default of the Debtors with respect to their payment obligations to Akerman LLP.

\*\*\*

(emphasis added).

12.    The Final Decree specifically required the Debtors to pay any outstanding balance owed to Akerman for the services and fees it provided to the Debtors in representing the Debtors during the bankruptcy case, which amount was $255,405.65.

---

[5] Doc. Nos. 488, 500, 516.
[6] Doc. No. 549.
[7] Amended Motion for Entry of Final Decree and Certificate of Substantial Consummation (Doc. No. 500).

4

13.     The Debtors failed to make any payment on Friday, May 6, 2022 as required by the Final Decree.

14.     Undersigned counsel advised Debtors' counsel in writing of this default on Monday, May 9, 2022.

15.     On the morning of June 2, 2022, the Debtors partially performed and wired Akerman $27,000, resulting in Debtors jointly and severally owing Akerman $228,405.65 relating to fees and costs incurred in representing Debtors (the "Unpaid Balance").

16.     At a hearing on June 2, 2022, Debtors' counsel advised the Court the Debtors had failed to pay the Unpaid Balance owing to Akerman.

17.     On June 15, 2022, the Court entered an Order Granting In Part and Denying in Part Akerman LLP's Motion for Reconsideration of Final Decree and Revocation of Final Decree ("Order on Final Decree").[8]   The Order on Final Decree provided that "Akerman is authorized to seek entry of a judgment" and "to file a motion for entry of judgment."

18.     Akerman since it withdrew as counsel for the Debtors[9] accrued attorneys' fees and costs in its efforts seeking enforcement of the Court's orders in this case.

19.     The Debtors have failed to make payment on the Unpaid Balance as set forth the Affidavit of Esther McKean in support of this Motion.  A true and correct copy is attached hereto as **Exhibit A**.

---

[8] Doc. No. 558.
[9] Doc. Nos. 467, 472.

64277018;2

**Relief Requested**

Pursuant to the Confirmation Order, Compensation Order and Final Decree, Akerman is entitled to payment of its fees and costs incurred in representing the Debtors.

Accordingly, Akerman requests that the Court enter a judgment in favor of Akerman, jointly and severally, against First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC, in the amount of $228,405.65.

**Argument and Authority**

**A.    The Court Has Broad Authority to Enforce the Compensation Order, Confirmation Order and Final Decree**

A court possesses the inherent authority to enforce its own orders. *Kokkonen v. Guardian Life Ins. Co. of Amer.*, 511 U.S. 375, 379-80 (1994); *In re Continental Airlines*, 236 B.R. 318, 325-26 (Bankr. D. Del. 1999). Consistent with that bedrock principle, a bankruptcy court retains jurisdiction to enforce its confirmation order. *In re Continental Airlines*, 236 B.R. at 326 (citations omitted).[10] *See also* 11 U.S.C. § 105(a) (empowering this Court to "tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process").

In this case the Court has expressly retained jurisdiction in the Amended Plan, Confirmation Order, and Final Decree to address any issues regarding the enforcement of the Court's orders.

---

[10] A party seeking to enforce an existing order need not institute an "adversary proceeding" pursuant to Bankruptcy Rule 7001. *In re Continental Airlines*, 236 B.R. at 326-27; *see also In re Consolidated Indus. Corp.*, 360 F.3d 712, 716 (7th Cir. 2004) (a motion in the original case, not a separate adversary proceeding, is the appropriate vehicle to enforce a court order); *In re WordCORP, Inc.*, 252 B.R. 890, 895 (Bankr. D. Del. 2000).

64277018;2

**B.    Debtors Have Violated the Court's Orders**

The Debtors have failed to comply with multiple orders entered in this case requiring payment to Akerman, including but not limited to the Compensation Order, Confirmation Order and Final Decree.

The deadline for the Debtors to object to those orders has long since passed.

In addition, the Debtors on December 10, 2021, as indicated in the emphasized language quoted in paragraph 9 above, agreed to waive any and all defenses with respect to Akerman's rights to pursue its right to payment.

WHEREFORE, Akerman requests that the Court (i) enter a judgment in favor of Akerman, jointly and severally, against First Choice Healthcare Solutions, Inc., First Choice Medical Group of Brevard, LLC, FCID Medical, Inc., and Marina Towers, LLC, in the amount of $228,405.65 and (ii) award fees and costs incurred for pursuing this motion, and (iii) such further relief as this Court deems just and proper.  A form of proposed judgment is attached hereto as **Exhibit B**.

Dated: July 7, 2022

/s/ Esther McKean
Esther McKean, Esquire
Florida Bar No. 028124
AKERMAN LLP
420 S. Orange Ave., Suite 1200
Orlando, FL 32801
Phone: (407) 423-4000
Fax: (407) 843-6610
Email: esther.mckean@akerman.com
Counsel for Akerman LLP

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 7th day of July, 2022, this Motion was filed and served through the Court's CM/ECF system to those parties in interest receiving CM/ECF notifications and I caused the foregoing document to be served by first class mail, postage prepaid, on the following persons: Debtors c/o Lance Friedman, Chief Executive Officer, 95 Bulldog Blvd., Suite 202, Melbourne, FL 32901 and to those parties shown on the attached matrix.

<u>s/ Esther McKean</u>
Esther A. McKean, Esquire

64277018;2